THOMAS C. HORNE
Attorney General

Robert L. Ellman (AZ Bar No. 014410)
Solicitor General

Kathleen P. Sweeney (AZ Bar No. 011118)
Todd M. Allison (AZ Bar No. 026936)
Assistant Attorneys General
1275 W. Washington
Phoenix, Arizona 85007-2997
Telephone: (602) 542-3333
Fax:  (602) 542-8308
Email: kathleen.sweeney@azag.gov
Email: todd.allison@azag.gov

Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| Joseph Connolly and Terrel L. Pochert; Suzanne Cummins and Holly N. Mitchell; Clark Rowley and David Chaney; R. Mason Hite IV and Christopher L. Devine; Megan and Natalie Metz; Renee Kaminski and Robin Reece; Jeffrey Ferst and Peter Bramley, | Case No: 2:14-cv-00024-JWS |
|---|---|
| Plaintiffs, | **DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT** |
| v. | **(DEMAND FOR JURY TRIAL ON ALL ISSUES SO TRIABLE)** |
| Chad Roche, in His Official Capacity as Clerk of the Superior Court of Pinal County, Arizona; Michael K. Jeanes, in His Official Capacity as Clerk of the Superior Court of Maricopa County, Arizona; and Deborah Young, in Her Official Capacity as Clerk of the Superior Court of Coconino County, Arizona, | |
| Defendants. | |

Defendants Chad Roche, Pinal County Superior Court Clerk; Michael K. Jeanes,

Maricopa County Superior Court Clerk; and Deborah Young, Coconino County Superior

Court Clerk (collectively, "Defendants") respond to and answer Plaintiffs' Amended Complaint as follows:

## I. NATURE OF THE CASE AND BACKGROUND TO CLAIMS FOR RELIEF

1. Defendants affirmatively allege that the U.S. Supreme Court case that Plaintiffs cite in paragraph 1 speaks for itself and deny any of paragraph 1's allegations that are inconsistent with or that otherwise mischaracterize the U.S. Supreme Court's legal determinations in that case.

2. Defendants affirmatively allege that the U.S. Supreme Court case that Plaintiffs cite in paragraph 2 speaks for itself and deny any of paragraph 2's allegations that are inconsistent with or that otherwise mischaracterize the U.S. Supreme Court's legal determinations in that case. Defendants affirmatively allege that in *United States v. Windsor*, 133 S. Ct. 2675, 2692, 2696 (2013), the Court explicitly limited its finding that Section 3 the Defense of Marriage Act ("DOMA") was unconstitutional to situations in which DOMA conflicted with any State's marriage law that allowed same-sex marriage and that in doing so, the Court reaffirmed each State's power to define marital relations.

3. Paragraph 3 does not include any allegations, but instead summarizes Plaintiffs' requested relief in this lawsuit. Defendants therefore affirmatively allege that no response is necessary. To the extent that a response to paragraph 3 is necessary, Defendants deny that Plaintiffs' requested relief is appropriate. Defendants affirmatively allege that in *Windsor*, 133 S. Ct. at 2692, 2696, the Court explicitly limited its finding that Section 3 of DOMA was unconstitutional to situations in which DOMA conflicted with any State's marriage law that allowed same-sex marriage and that in doing so, the Court reaffirmed each State's power to define marital relations.

4. Paragraph 4 does not include any allegations, but instead summarizes Plaintiffs' requested relief in this lawsuit. Defendants therefore affirmatively allege that no response is necessary. To the extent that a response to paragraph 4 is necessary,

1   Defendants deny that Plaintiffs' requested relief is appropriate.  Defendants affirmatively

2   allege that in *Windsor*, 133 S. Ct. at 2692, 2696, the Court explicitly limited its finding

3   that Section 3 of DOMA was unconstitutional to situations in which DOMA conflicted

4   with any State's marriage law that allowed same-sex marriage and that in doing so, the

5   Court reaffirmed each State's power to define marital relations.

6       5.      Defendants affirmatively allege that Arizona Revised Statutes ("A.R.S.")

7   §§ 25-101(C) and -112(A) speak for themselves and deny any of paragraph 5's

8   allegations that are inconsistent with or that otherwise mischaracterize those statutes.

9   Defendants also deny paragraph 5's assertion that Arizona's Legislature enacted A.R.S.

10  § 25-101(C) "immediately following Congressional passage of DOMA" in 1996.

11  Defendants affirmatively allege that Arizona's Legislature enacted the amendments to

12  A.R.S. § 25-101(C) and -112(A) at issue before DOMA was even introduced in

13  Congress.  Defendants admit that under Arizona's Constitution and statutes, the State of

14  Arizona does not currently recognize same-sex marriages.

15      6.      Defendants affirmatively allege that A.R.S. §§ 25-121(A) and -125(A)

16  speak for themselves and deny any of paragraph 6's allegations that are inconsistent with

17  or that otherwise mischaracterize those statutes.  Defendants admit that in 1999,

18  Arizona's Legislature made the statutory amendments that paragraph 6 cites.

19  Defendants also admit that under Arizona's Constitution and statutes, the State of

20  Arizona does not currently recognize same-sex marriages.

21      7.      Defendants affirmatively allege that the Arizona Court of Appeals case that

22  Plaintiffs cite in paragraph 7 speaks for itself and deny any of paragraph 7's allegations

23  that are inconsistent with or that otherwise mischaracterize the Arizona Court of

24  Appeals' legal determinations in that case.

25      8.      Responding to paragraph 8, Defendants admit that in 2006, Arizona voters

26  rejected Proposition 107, a ballot initiative that included a same-sex marriage ban.

27  Defendants admit that Proposition 107 was popularly referred to as "the Marriage

28

Protection Amendment," but deny that this was the proposition's official title. Defendants admit paragraph 8's remaining allegations.

9.      Defendants admit paragraph 9's allegations.

10.      Defendants admit paragraph 10's allegations.

11.      Defendants admit paragraph 11's allegations.

12.      Responding to paragraph 12, Defendants admit that Arizona has never recognized domestic partnerships and that some Arizona cities have offered benefits to same-sex local residents.  Defendants also admit that under Arizona's Constitution and statutes, the State of Arizona does not currently recognize same-sex marriages. Defendants deny paragraph 12's remaining allegations.

13.      Defendants affirmatively allege that the U.S. Supreme Court case that Plaintiffs cite in paragraph 13 speaks for itself and deny any of paragraph 13's allegations that are inconsistent with or that otherwise mischaracterize the Court's legal determinations in that case.

14.      Defendants are without information and knowledge sufficient to form a belief concerning paragraph 14's allegations and therefore deny them.  Defendants affirmatively allege that other States' constitutional and statutory prohibitions are not at issue in this lawsuit.

15.      Responding to paragraph 15, Defendants admit that Massachusetts, Hawaii, and other states currently allow gay marriage.  Defendants are without information and knowledge sufficient to form a belief concerning paragraph 15's other allegations and therefore deny them.

16.      Responding to paragraph 16, Defendants admit that in *Kitchen v. Herbert*, No. 2:13-cv-217, 2013 WL 6697874 (D. Utah Dec. 20, 2013), the United States District Court for the District of Utah held that Utah's prohibition against same-sex marriage was unconstitutional.  Defendants affirmatively allege that Utah has appealed the decision to the Tenth Circuit Court of Appeals (docket number 13-4178) and that the U.S. Supreme

1    Court has stayed the district court's permanent injunction pending the Tenth Circuit's

2    resolution of the appeal, *Herbert v. Kitchen*, 134 S. Ct. 893 (2014).  Defendants also

3    admit that in *Griego v. Oliver*, No. 34,306, 2013 WL 6670704 (N.M. Dec. 19, 2013), the

4    New Mexico Supreme Court unanimously held that New Mexico's prohibition against

5    same-sex marriage violated New Mexico's Constitution.  Defendants affirmatively

6    allege that those cases speak for themselves and deny any of paragraph 16's allegations

7    that are inconsistent with or that otherwise mischaracterize the courts' legal

8    determinations in those cases.  Defendants are without information and knowledge

9    sufficient to form a belief concerning paragraph 16's other allegations and therefore

10   deny them.

11          17.    Defendants affirmatively allege that the U.S. Supreme Court cases that

12   Plaintiffs cite in paragraph 17 speak for themselves and deny any of paragraph 17's

13   allegations that are inconsistent with or that otherwise mischaracterize the U.S. Supreme

14   Court's legal determinations in those cases.  Defendants affirmatively allege that in

15   *Windsor*, 133 S. Ct. at 2692, 2696, the Court explicitly limited its finding that Section 3

16   of DOMA was unconstitutional to situations in which DOMA conflicted with any State's

17   marriage law that allowed same-sex marriage and that in doing so, the Court reaffirmed

18   each State's power to define marital relations.

19          18.    Defendants affirmatively allege that *Windsor*, the U.S. Supreme Court case

20   that Plaintiffs cite in paragraph 18, speaks for itself and deny any of paragraph 18's

21   allegations that are inconsistent with or that otherwise mischaracterize the U.S. Supreme

22   Court's legal determinations in that case.  Defendants affirmatively allege that in

23   *Windsor*, 133 S. Ct. at 2692, 2696, the Court explicitly limited its finding that Section 3

24   of DOMA was unconstitutional to situations in which DOMA conflicted with any State's

25   marriage law that allowed same-sex marriage and that in doing so, the Court reaffirmed

26   each State's power to define marital relations.

27

28

19.  Defendants admit that the cases that Plaintiffs cite in paragraph 19 held that state laws that banned same-sex marriages or the recognition of such marriages violated the Equal Protection Clause.  Defendants affirmatively allege that the cases speak for themselves and deny any of paragraph 19's allegations that are inconsistent with or that otherwise mischaracterize the courts' legal determinations in those cases.

20.    Defendants affirmatively allege that the Ninth Circuit case that Plaintiffs cite in paragraph 20 speaks for itself and deny any of paragraph 20's allegations that are inconsistent with or that otherwise mischaracterize the Ninth Circuit's legal determinations in that case.

21.    Defendants affirmatively allege that paragraph 21 contains only statements regarding Plaintiffs' legal argument, to which no response is necessary.  To the extent that any response is needed, Defendants affirmatively allege that the U.S. Supreme Court case that Plaintiffs cite in paragraph 21 speaks for itself and deny any of paragraph 21's allegations that are inconsistent with or that otherwise mischaracterize the U.S. Supreme Court's legal determinations in that case.

22.    Defendants affirmatively allege that paragraph 22 contains only statements regarding Plaintiffs' legal argument and a summary of Plaintiffs' requested relief, to which no response is necessary.  To the extent that any response is needed, Defendants affirmatively allege that the U.S. Supreme Court cases that paragraph 22 cites speak for themselves and deny any of paragraph 22's allegations that are inconsistent with or that otherwise mischaracterize the U.S. Supreme Court's legal determinations in those cases. Defendants also deny that Plaintiffs' requested relief is appropriate.  Finally, Defendants affirmatively allege that the phrase "all similar marital statutes" does not provide sufficient detail for Defendants to identify what statutes in addition to those that paragraph 22 specifically cites Plaintiffs mean to include in the category of "Marriage Discrimination Statutes."

23.     Defendants affirmatively allege that paragraph 23 does not include any allegations but instead includes a summary of Plaintiffs' requested relief in this lawsuit, to which no response is necessary.  To the extent that a response to paragraph 23 is necessary, Defendants deny that Plaintiffs' requested relief is appropriate.  Defendants affirmatively allege that the term "Marriage Discrimination Statutes" as paragraph 22 of Plaintiffs' Amended Complaint has defined it does not provide sufficient detail for Defendants to identify what statutes in addition to those that paragraph 22 specifically cites Plaintiffs mean to include in the category of "Marriage Discrimination Statutes." Defendants also affirmatively allege that the clause "and all other provisions of Arizona law that may deny Plaintiffs equal access to the benefits of marriage in the State of Arizona" does not provide sufficient detail for Defendants to identify what Arizona laws in addition to those that paragraph 22 specifically identifies Plaintiffs are asking this Court to declare unconstitutional.

## II.     JURISDICTION, PARTIES, AND VENUE

### A.     Federal Question Jurisdiction

24.     Defendants admit paragraph 24's allegations.

25.     Defendants deny paragraph 25's allegations.  Defendants affirmatively allege that the U.S. Supreme Court cases that Plaintiffs cite in paragraph 25 speak for themselves and deny any of paragraph 25's allegations that are inconsistent with or that otherwise mischaracterize the U.S. Supreme Court's legal determinations in those cases. Defendants also affirmatively allege that *Baker v. Nelson*, 409 U.S. 810 (1972), is still good law and bars Plaintiffs from raising in this lawsuit any claims similar to those that the Supreme Court held in *Baker* did not raise a substantial federal question.

### B.     The Plaintiffs

26.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 26's allegations and therefore deny them.

1    27.    Defendants admit that U.S. Census Bureau population estimates for 2012

2    indicate that eighty-one percent of all Arizonans reside in Maricopa, Pima, and Pinal

3    Counties.  Defendants are without information and knowledge sufficient to form a belief

4    concerning paragraph 27's remaining allegations and therefore deny them.

5                              ***Joe and Terry***

6    28.    Defendants are without information and knowledge sufficient to form a

7    belief concerning paragraph 28's allegations and therefore deny them.

8    29.    Defendants are without information and knowledge sufficient to form a

9    belief concerning paragraph 29's allegations and therefore deny them.

10    30.    Defendants are without information and knowledge sufficient to form a

11    belief concerning paragraph 30's allegations and therefore deny them.

12    31.    Responding to paragraph 31, Defendants admit that under Arizona's

13    Constitution and statutes, the State of Arizona does not currently recognize same-sex

14    marriages.  Defendants are without information and knowledge sufficient to form a

15    belief concerning paragraph 31's remaining allegations and therefore deny them.

16    32.    Defendants admit paragraph 32's allegations.

17    33.    Defendants admit that California officials began issuing marriage licenses

18    to same-sex couples in mid-June 2008 following the *In re Marriage Cases* ruling.

19    34.    Defendants are without information and knowledge sufficient to form a

20    belief concerning paragraph 34's allegations and therefore deny them.

21    35.    Defendants admit paragraph 35's allegations.

22    36.    Defendants admit that Proposition 8's adoption ended the issuance of

23    marriage licenses to same-sex couples in California.  Defendants are without information

24    and knowledge sufficient to form a belief concerning paragraph 36's remaining

25    allegations and therefore deny them.

26    37.    Defendants admit paragraph 37's allegations.

27

28

38.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 38's allegations and therefore deny them.

39.     Responding to paragraph 39, Defendants admit that Arizona's Constitution and statutes currently prohibit the State of Arizona from recognizing same-sex marriages performed in other states.  Defendants are without information and knowledge sufficient to form a belief concerning paragraph 39's remaining allegations and therefore deny them.

40.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 40's allegations and therefore deny them.

41.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 41's allegations and therefore deny them.

42.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 42's allegations and therefore deny them.

43.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 43's allegations and therefore deny them.

44.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 44's allegations and therefore deny them.

45.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 45's allegations and therefore deny them.

46.     Responding to paragraph 46, Defendants admit that Arizona's Constitution and statutes currently prohibit the State of Arizona from recognizing same-sex marriages performed in other states.  Defendants also affirmatively allege that the asserted harms do not entitle Plaintiffs to the requested relief.  Finally, Defendants affirmatively allege that the term "Marriage Discrimination Statutes" as paragraph 22 of Plaintiffs' Amended Complaint has defined it does not provide sufficient detail for Defendants to identify what statutes in addition to those that paragraph 22 specifically cites Plaintiffs mean to include in the category of "Marriage Discrimination Statutes."

1

***Suzanne and Holly***

2   47.   Defendants are without information and knowledge sufficient to form a

3   belief concerning paragraph 47's allegations and therefore deny them.

4   48.   Defendants are without information and knowledge sufficient to form a

5   belief concerning paragraph 48's allegations and therefore deny them.

6   49.   Defendants are without information and knowledge sufficient to form a

7   belief concerning paragraph 49's allegations and therefore deny them.

8   50.   Defendants are without information and knowledge sufficient to form a

9   belief concerning paragraph 50's allegations and therefore deny them.

10   51.   Responding to paragraph 51, Defendants admit that Arizona's Constitution

11   and statutes currently prohibit the State of Arizona from recognizing same-sex

12   marriages.  Defendants are without information and knowledge sufficient to form a

13   belief concerning paragraph 51's remaining allegations and therefore deny them.

14   52.   Responding to paragraph 52, Defendants admit that Arizona's Constitution

15   and statutes currently prohibit the State of Arizona from recognizing same-sex marriages

16   performed in Arizona or in another state.  Defendants are without information and

17   knowledge sufficient to form a belief concerning paragraph 52's remaining allegations

18   and therefore deny them.

19   53.   Responding to paragraph 53, Defendants admit that under Arizona's

20   Constitution and statutes, the State of Arizona does not currently recognize same-sex

21   marriages.  Defendants are without information and knowledge sufficient to form a

22   belief concerning paragraph 53's allegations and therefore deny them.

23   54.   Defendants are without information and knowledge sufficient to form a

24   belief concerning paragraph 54's allegations and therefore deny them.

25   55.   Defendants are without information and knowledge sufficient to form a

26   belief concerning paragraph 55's allegations and therefore deny them.

27

28

56.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 56's allegations and therefore deny them.

57.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 57's allegations and therefore deny them.

58.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 58's allegations and therefore deny them.

59.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 59's allegations and therefore deny them.

60.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 60's allegations and therefore deny them.

61.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 61's allegations and therefore deny them.

62.     Responding to paragraph 62, Defendants admit that Arizona's Constitution and statutes currently prohibit the State of Arizona from recognizing same-sex marriages.  Defendants affirmatively allege that the asserted harms do not entitle Plaintiffs to the requested relief.  Defendants also affirmatively allege that the term "Marriage Discrimination Statutes" as paragraph 22 of Plaintiffs' Amended Complaint has defined it does not provide sufficient detail for Defendants to identify what statutes in addition to those that paragraph 22 specifically cites Plaintiffs mean to include in the category of "Marriage Discrimination Statutes."

***Clark and David***

63.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 63's allegations and therefore deny them.

64.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 64's allegations and therefore deny them.

65.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 65's allegations and therefore deny them.

66.     Responding to paragraph 66, Defendants admit that Arizona's Constitution and statutes currently prohibit the State of Arizona from recognizing same-sex marriages performed in Arizona or in other states.  Defendants are without information and knowledge sufficient to form a belief concerning paragraph 66's remaining allegations and therefore deny them.

67.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 67's allegations and therefore deny them.

68.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 68's allegations and therefore deny them.

69.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 69's allegations and therefore deny them.

70.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 70's allegations and therefore deny them.

71.     Defendants admit that Arizona's Constitution and statutes currently prohibit the State of Arizona from recognizing same-sex marriages.  Defendants are without information and knowledge sufficient to form a belief concerning paragraph 71's remaining allegations and therefore deny them.

72.     Responding to paragraph 72, Defendants admit that Arizona's Constitution and statutes currently prohibit the State of Arizona from recognizing same-sex marriages.  Defendants affirmatively allege that the asserted harms do not entitle Plaintiffs to the requested relief.  Defendants also affirmatively allege that the term "Marriage Discrimination Statutes" as paragraph 22 of Plaintiffs' Amended Complaint has defined it does not provide sufficient detail for Defendants to identify what statutes in addition to those that paragraph 22 specifically cites Plaintiffs mean to include in the category of "Marriage Discrimination Statutes."

*Mason and Chris*

73.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 73's allegations and therefore deny them.

74.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 74's allegations and therefore deny them.

75.     Responding to paragraph 75, Defendants admit that Arizona's Constitution and statutes currently prohibit the State of Arizona from recognizing same-sex marriages performed in Arizona or in another state.  Defendants are without information and knowledge sufficient to form a belief concerning paragraph 75's remaining allegations and therefore deny them.

76.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 76's allegations and therefore deny them.

77.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 77's allegations and therefore deny them.

78.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 78's allegations and therefore deny them.

79.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 79's allegations and therefore deny them.

80.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 80's allegations and therefore deny them.

81.     Defendants are without information and knowledge sufficient to form a belief concerning paragraph 81's allegations and therefore deny them.

82.     Responding to paragraph 82, Defendants admit that Arizona's Constitution and statutes currently prohibit the State of Arizona from recognizing same-sex marriages.  Defendants affirmatively allege that the asserted harms do not entitle Plaintiffs to the requested relief.  Defendants also affirmatively allege that the term "Marriage Discrimination Statutes" as paragraph 22 of Plaintiffs' Amended Complaint

has defined it does not provide sufficient detail for Defendants to identify what statutes in addition to those that paragraph 22 specifically cites Plaintiffs mean to include in the category of "Marriage Discrimination Statutes."

### *Meagan and Natalie*

83.    Defendants are without information and knowledge sufficient to form a belief concerning paragraph 83's allegations and therefore deny them.

84.    Defendants are without information and knowledge sufficient to form a belief concerning paragraph 84's allegations and therefore deny them.

85.    Defendants are without information and knowledge sufficient to form a belief concerning paragraph 85's allegations and therefore deny them.

86.    Defendants are without information and knowledge sufficient to form a belief concerning paragraph 86's allegations and therefore deny them.

87.    Defendants are without information and knowledge sufficient to form a belief concerning paragraph 87's allegations and therefore deny them.

88.    Defendants are without information and knowledge sufficient to form a belief concerning paragraph 88's allegations and therefore deny them.

89.    Defendants are without information and knowledge sufficient to form a belief concerning paragraph 89's allegations and therefore deny them.

90.    Defendants are without information and knowledge sufficient to form a belief concerning paragraph 90's allegations and therefore deny them.

91.    Defendants are without information and knowledge sufficient to form a belief concerning paragraph 91's allegations and therefore deny them.

92.    Responding to paragraph 92, Defendants admit that Arizona's Constitution and statutes currently prohibit the State of Arizona from recognizing same-sex marriages.  Defendants affirmatively allege that the asserted harms do not entitle Plaintiffs to the requested relief.  Defendants also affirmatively allege that the term "Marriage Discrimination Statutes" as paragraph 22 of Plaintiffs' Amended Complaint

has defined it does not provide sufficient detail for Defendants to identify what statutes in addition to those that paragraph 22 specifically cites Plaintiffs mean to include in the category of "Marriage Discrimination Statutes."

### Jeff and Peter

93.    Defendants are without information and knowledge sufficient to form a belief concerning paragraph 93's allegations and therefore deny them.

94.    Defendants are without information and knowledge sufficient to form a belief concerning paragraph 94's allegations and therefore deny them.

95.    Responding to paragraph 95, Defendants admit that Arizona's Constitution and statutes currently prohibit the State of Arizona from recognizing same-sex marriages.  Defendants are without information and knowledge sufficient to form a belief concerning paragraph 95's remaining allegations and therefore deny them.

96.    Defendants are without information and knowledge sufficient to form a belief concerning paragraph 96's allegations and therefore deny them.

97.    Defendants are without information and knowledge sufficient to form a belief concerning paragraph 97's allegations and therefore deny them.

98.    Responding to paragraph 98, Defendants admit that Arizona's Constitution and statutes currently prohibit the State of Arizona from recognizing same-sex marriages.  Defendants affirmatively allege that the asserted harms do not entitle Plaintiffs to the requested relief.  Defendants are without information and knowledge sufficient to form a belief concerning paragraph 98's remaining allegations and therefore deny them.

### Renee and Robin

99.    Defendants are without information and knowledge sufficient to form a belief concerning paragraph 99's allegations and therefore deny them.

100.    Defendants are without information and knowledge sufficient to form a belief concerning paragraph 100's allegations and therefore deny them.

101.    Defendants are without information and knowledge sufficient to form a belief concerning paragraph 101's allegations and therefore deny them.

102.    Defendants are without information and knowledge sufficient to form a belief concerning paragraph 102's allegations and therefore deny them.

103.    Defendants are without information and knowledge sufficient to form a belief concerning paragraph 103's allegations and therefore deny them.

104.    Defendants are without information and knowledge sufficient to form a belief concerning paragraph 104's allegations and therefore deny them.

105.    Defendants are without information and knowledge sufficient to form a belief concerning paragraph 105's allegations and therefore deny them.

106.    Defendants are without information and knowledge sufficient to form a belief concerning paragraph 106's allegations and therefore deny them.

107.    Responding to paragraph 107, Defendants admit that Arizona's Constitution and statutes currently prohibit the State of Arizona from recognizing same-sex marriages.  Defendants affirmatively allege that the asserted harms do not entitle Plaintiffs to the requested relief.  Defendants are without information and knowledge sufficient to form a belief concerning paragraph 107's remaining allegations and therefore deny them.

108.    Responding to paragraph 108, Responding to paragraph 98, Defendants admit that Arizona's Constitution and statutes currently prohibit the State of Arizona from recognizing same-sex marriages.  Defendants affirmatively allege that the asserted harms do not entitle Plaintiffs to the requested relief.  Defendants are without information and knowledge sufficient to form a belief concerning paragraph 108's remaining allegations and therefore deny them.

**C.    The Defendants**

109.    Defendants admit paragraph 109's allegations.

110.    Defendants admit paragraph 110's allegations.

1    111.    Defendants admit paragraph 111's allegations.

2    112.    Defendants admit paragraph 112's allegations.

3    113.    Defendants admit paragraph 113's allegations.

4    114.    Responding to paragraph 114, Defendants admit that according to

5  Plaintiffs' Amended Complaint, Plaintiffs seek relief against each of the Defendants, but

6  Defendants deny that Plaintiffs are entitled to their requested relief.

7    115.    Defendants admit paragraph 115's allegations.

8    **D.    Venue**

9    116.    Defendants admit paragraph 116's allegations.

10  **III.    CLAIMS FOR RELIEF**

11  **FIRST CLAIM**

12  **Violation of Equal Protection Clause of the
13  Fourteenth Amendment and 42 U.S.C. § 1983**

14    117.    Defendants incorporate their responses to paragraphs 1 through 116 as if

15  fully set forth herein.

16    118.    Responding to paragraph 118, Defendants affirmatively allege that the U.S.

17  Supreme Court cases that Plaintiffs cite in paragraph 118 speak for themselves and deny

18  any of paragraph 118's allegations that are inconsistent with or that otherwise

19  mischaracterize the U.S. Supreme Court's legal determinations in those cases.

20  Moreover, Defendants affirmatively allege that in *Windsor*, 133 S. Ct. at 2696, the Court

21  explicitly limited its finding that Section 3 of DOMA was unconstitutional to situations

22  in which DOMA conflicted with any State's marriage law that allowed same-sex

23  marriage and that in doing so, the Court reaffirmed each State's power to define marital

24  relations.

25    119.    Responding to paragraph 119, Defendants affirmatively allege that A.R.S.

26  §§ 25-101(C), -112(A), and -125(A) and the Arizona Constitution's Article 30, Section 1

27  speak for themselves and deny any of paragraph 119's allegations that are inconsistent

28

1    with or that otherwise mischaracterize those provisions.  Defendants also affirmatively

2    allege that the term "Marriage Discrimination Statutes" as paragraph 22 of Plaintiffs'

3    Amended Complaint has defined it does not provide sufficient detail for Defendants to

4    identify what statutes in addition to those that paragraph 22 specifically cites Plaintiffs

5    mean to include in the category of "Marriage Discrimination Statutes."  Defendants

6    admit that under Arizona's Constitution and statutes, the State of Arizona does not

7    currently recognize same-sex marriages.  Defendants deny paragraph 119's remaining

8    allegation.

9           120.   Defendants deny paragraph 120's allegations.

10          121.   Defendants deny paragraph 121's allegations.  Defendants affirmatively

11   allege that the term "Marriage Discrimination Statutes" as paragraph 22 of Plaintiffs'

12   Amended Complaint has defined it does not provide sufficient detail for Defendants to

13   identify what statutes in addition to those that paragraph 22 specifically cites Plaintiffs

14   mean to include in the category of "Marriage Discrimination Statutes."

15          122.   Defendants deny paragraph 122's allegations.  Defendants affirmatively

16   allege that the U.S. Supreme Court case that Plaintiffs cite in paragraph 122 speaks for

17   itself and deny any of paragraph 122's allegations that are inconsistent with or otherwise

18   mischaracterize the U.S. Supreme Court's legal determinations in that case.

19          123.   Defendants affirmatively allege that the Ninth Circuit case that Plaintiffs

20   cite in paragraph 123 speaks for itself and deny any of paragraph 123's allegations that

21   are inconsistent with or otherwise mischaracterize the Ninth Circuit's legal

22   determinations in that case.  Defendants also affirmatively allege that the term "Marriage

23   Discrimination Statutes" as paragraph 22 of Plaintiffs' Amended Complaint has defined

24   it does not provide sufficient detail for Defendants to identify what statutes in addition to

25   those that paragraph 22 specifically cites Plaintiffs mean to include in the category of

26   "Marriage Discrimination Statutes."

27

28

124.    Defendants deny that Plaintiffs are entitled to the relief that paragraphs 139-145 request.

**SECOND CLAIM**
**Violation of Equal Protection Clause of the**
**Fourteenth Amendment and 42 U.S.C. § 1983**

125.    Defendants incorporate their responses from paragraphs 1 through 124 as if fully set forth herein.

126.    Defendants admit paragraph 126's allegations.

127.    Responding to paragraph 127, Defendants affirmatively allege that the U.S. Supreme Court case that Plaintiffs cite in paragraph 127 speaks for itself and deny any of paragraph 127's allegations that are inconsistent with or that otherwise mischaracterize the U.S. Supreme Court's legal determinations in that case.

128.    Responding to paragraph 128, Defendants admit that Arizona's Constitution and statutes currently prohibit the State of Arizona from recognizing same-sex marriages performed in Arizona or in another state.  Defendants affirmatively allege that the constitutional and statutory provisions that Plaintiffs specifically cite in paragraph 22 of their Amended Complaint do not deny Plaintiffs due process of law. Defendants also affirmatively allege that the term "Marriage Discrimination Statutes" as paragraph 22 of Plaintiffs' Amended Complaint has defined it does not provide sufficient detail for Defendants to identify what statutes in addition to those that paragraph 22 specifically cites Plaintiffs mean to include in the category of "Marriage Discrimination Statutes."

129.    Defendants admit that Arizona voters cannot infringe rights that the Fourteenth Amendment's Due Process Clause establishes, but deny that the Due Process Clause establishes a right to same-sex marriage or to recognition of same-sex marriage.

130.    Defendants affirmatively allege that the Ninth Circuit case that Plaintiffs cite in paragraph 130 speaks for itself and deny any of paragraph 130's allegations that are inconsistent with or otherwise mischaracterize the Ninth Circuit's legal

1    determinations in that case.  Defendants also affirmatively allege that the term "Marriage

2    Discrimination Statutes" as paragraph 22 of Plaintiffs' Amended Complaint has defined

3    it does not provide sufficient detail for Defendants to identify what statutes in addition to

4    those that paragraph 22 specifically cites Plaintiffs mean to include in the category of

5    "Marriage Discrimination Statutes."

6         131.    Defendants deny paragraph 131's allegations.  Defendants affirmatively

7    allege that the U.S. Supreme Court case that Plaintiffs cite in paragraph 131 speaks for

8    itself and deny any of paragraph 131's allegations that are inconsistent with or that

9    otherwise mischaracterize the U.S. Supreme Court's legal determinations in that case.

10        132.    Defendants deny that Plaintiffs are entitled to the relief that paragraphs

11   139-145 request.

12                      **APPLICATION FOR PERMANENT INJUNCTION**

13        133.    Defendants incorporate their responses from paragraphs 1 through 132 as if

14   fully set forth herein.

15        134.    Defendants are without information and knowledge sufficient to form a

16   belief concerning the allegations of harm contained in paragraph 134 and therefore deny

17   them.  Defendants affirmatively allege that the asserted harms do not entitle Plaintiffs to

18   the requested relief.

19        135.    Defendants are without information and knowledge sufficient to form a

20   belief concerning the allegations of harm contained in paragraph 135 and therefore deny

21   them.  Defendants affirmatively allege that the asserted harms do not entitle Plaintiffs to

22   the requested relief.  Defendants also affirmatively allege that the term "Marriage

23   Discrimination Statutes" as paragraph 22 of Plaintiffs' Amended Complaint has defined

24   it does not provide sufficient detail for Defendants to identify what statutes in addition to

25   those that paragraph 22 specifically cites Plaintiffs mean to include in the category of

26   "Marriage Discrimination Statutes."

27

28

136.    Defendants admit that according to Plaintiffs' Amended Complaint, Plaintiffs seek a permanent injunction, but deny that Plaintiffs are entitled to that relief. Defendants also affirmatively allege that the term "Marriage Discrimination Statutes" as paragraph 22 of Plaintiffs' Amended Complaint has defined it does not provide sufficient detail for Defendants to identify what statutes in addition to those that paragraph 22 specifically cites Plaintiffs mean to include in the category of "Marriage Discrimination Statutes."

137.    Responding to paragraph 137, Defendants deny that the alleged harms entitle Plaintiffs to the requested relief.

138.    Paragraph 138's allegations concern the scope of Plaintiffs' requested relief, to which no answer is required.  To the extent that an answer to paragraph 138 is required, Defendants deny that Plaintiffs are entitled to the relief that paragraph 138 requests.

## IV.    PRAYER FOR RELIEF

139.    Paragraph 139's allegations constitute Plaintiffs' prayer for relief, to which no answer is required.  Defendants deny that Plaintiffs are entitled to any relief. Defendants also affirmatively allege that 28 U.S.C. § 2201 does not contain any subsection (c).

140.    Paragraph 140's allegations constitute Plaintiffs' prayer for relief, to which no answer is required.  Defendants deny that Plaintiffs are entitled to any relief. Defendants affirmatively allege that the term "Marriage Discrimination Statutes" as paragraph 22 of Plaintiffs' Amended Complaint has defined it does not provide sufficient detail to identify what statutes in addition to those that paragraph 22 specifically cites Plaintiffs mean to include in the category of "Marriage Discrimination Statutes."  Defendants also affirmatively allege that the phrase "all other laws of the State of Arizona banning, refusing to recognize, or otherwise restricting same-sex marriage" does not provide sufficient detail to identify what Arizona laws in addition to

1    those that paragraph 22 specifically identifies Plaintiffs are asking this Court to declare

2    unconstitutional.

3        141.   Paragraph 141's allegations constitute Plaintiffs' prayer for relief, to which

4    no answer is required.  Defendants deny that Plaintiffs are entitled to any relief.

5    Defendants affirmatively allege that the phrase "any Arizona statute that excludes gay

6    men and women from access to marriage in the State of Arizona" does not provide

7    sufficient detail to identify what Arizona statutes in addition to those that paragraph 22

8    specifically identifies Plaintiffs are asking this Court to declare unconstitutional.

9        142.   Paragraph 142's allegations constitute Plaintiffs' prayer for relief, to which

10   no answer is required.  At this stage of litigation, Defendants are without information

11   and knowledge sufficient to form a belief as to whether a "speedy hearing" is appropriate

12   pursuant to Fed. R. Civ. P. 57 and therefore deny that Plaintiffs are entitled to the

13   requested relief.

14       143.   Paragraph 143's allegations constitute Plaintiffs' prayer for relief, to which

15   no answer is required.  Defendants deny that Plaintiffs are entitled to any relief.

16       144.   Paragraph 144's allegations constitute Plaintiffs' prayer for relief, to which

17   no answer is required.  Defendants deny that Plaintiffs are entitled to any relief.

18       145.   Paragraph 145's allegations constitute Plaintiffs' prayer for relief, to which

19   no answer is required.  Defendants deny that Plaintiffs are entitled to any relief.

20                                    **GENERAL DENIAL**

21       146.   Defendants deny each and every allegation not specifically and expressly

22   admitted herein.

23                                  **AFFIRMATIVE DEFENSES**

24       1.   All or part of Plaintiffs' Amended Complaint fails to state a claim upon

25   which relief can be granted.

26       2.   Eleventh Amendment immunity bars Plaintiffs' claim for nominal damages

27   against Defendants.

28

3.      Qualified immunity bars Plaintiffs' claim for nominal damages against Defendants.

4.      Defendants reserve the right to assert all additional defenses available to them, including all defenses that Federal Rules of Civil Procedure 8 and 12 set forth.

Having fully answered Plaintiffs' Amended Complaint, Defendants respectfully request that the Court deny Plaintiffs' requests for declaratory and injunctive relief, order that Plaintiffs take nothing, and award Defendants any such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants hereby demand a trial by jury in this action on all issues so triable.

Respectfully submitted this 24th day of February, 2014.

THOMAS C. HORNE
Attorney General

Robert L. Ellman
Solicitor General

 s/ Kathleen P. Sweeney
Kathleen P. Sweeney
Todd M. Allison
Assistant Attorneys General
Attorneys for Defendants

1

**CERTIFICATE OF SERVICE**

2

    I hereby certify that I electronically transmitted the attached document to the
3  Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of
   Electronic Filing to the following, if CM/ECF registrants, and mailed a copy of same if
4  non-registrants, this 24th day of February, 2014:

5              Shawn K. Aiken, Esq.
              Heather A. Macre, Esq.
6              William H. Knight, Esq.
              Stephanie McCoy Loquvam, Esq.
7              Aiken Schenk Hawkins & Ricciardi
              2390 East Camelback Road, Ste. 400
8              Phoenix, Arizona 85016
              docket@ashrlaw.com
9              ska@ashrlaw.com
              ham@ashrlaw.com
10             whk@ashrlaw.com

11             Ryan J. Stevens, Esq.
              Griffen & Stevens Law Firm, PLLC
12             609 North Humphreys Street
              Flagstaff, Arizona 86001
13             stevens@flagstaff-lawyer.com

14             Mikkel Steen Jordahl, Esq.
              Mikkel (Mik) Jordahl P.C.
15             114 North San Francisco, Ste. 206
              Flagstaff, Arizona 86001
16             mikkeljordahl@yahoo.com

17             Mark Dillon. Esq.
              Dillon Law Office
18             PO Box 97517
              Phoenix, Arizona 85060
19             dillonlaw97517@gmail.com

20

   _s/ Maureen Riordan_____
21

22

23

24

25

26  #3709045

27

28