UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Connolly, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | 2:14-cv-00024 JWS |
| ) | |
| vs. ) | ORDER AND OPINION |
| ) | |
| Michael K. Jeanes, *et al.*, ) | [Re: Motions at dockets 47 and 58] |
| ) | |
| Defendants. ) | |
| ) | |

## I.  MOTIONS PRESENTED

At docket 47 plaintiffs move for summary judgment. Defendants respond at docket 59. Plaintiffs' reply is at docket 70. Plaintiffs' supplemental brief is at docket 86. Defendants move for summary judgment at docket 58. Plaintiffs' respond at docket 70. Defendants' reply is at docket 80. Defendants' supplemental brief is at docket 87. Oral argument has not been requested by either side and, particularly in light of recent developments in the law of the Ninth Circuit, would not be of assistance to the court.

## II.  BACKGROUND

Plaintiffs are same-sex couples who either were married in another jurisdiction and seek to have Arizona recognize their marriages or are same-sex couples who wish

to wed in Arizona. Certain provisions of Arizona law make it impossible for either group of plaintiffs to achieve their goal. They are Article 30, Section 1, of the Arizona Constitution which states that only a marriage between one man and one woman is valid and recognizable in Arizona; A.R.S. § 25-101(C) which provides that same-sex marriage is prohibited in Arizona; and A.R.S. § 25-125(A) which defines marriage as between a male and female person (collectively "the challenged laws"). Plaintiffs ask the court to declare that the challenged laws deny them equal protection of the law and therefore are invalid under the United States Constitution. They also ask the court to permanently enjoin the enforcement of the challenged laws. Defendants deny that the laws violate the United States Constitution.

## III.  DISCUSSION

When the pending motions were filed, their resolution would have required this court to produce a lengthy and detailed opinion. However, in the interim, the Court of Appeals for the Ninth Circuit recently ruled that substantially identical provisions of Nevada and Idaho law that prohibit same-sex marriages are invalid because they deny same-sex couples equal protection of the law, the right to which is guaranteed by the Constitution of the United States.[1] This court is bound by the precedent set by the Court of Appeals for the Ninth Circuit.[2] For that reason, the plaintiffs are entitled to a

---

[1] *Latta v. Otter*, __ F.3d __, Nos. 14-35420, 14-35421, and 12-17668, 2014 WL 4977682 (9th Cir. Oct. 7, 2014).

[2] *See Hart v. Massanari*, 266 F.3d 1155, 1171 (9th Cir. 2001) ("Circuit law . . . binds all courts within a particular circuit, including the court of appeals itself. Thus, the first panel to consider an issue sets the law not only for all the inferior courts in the circuit, but also future panels of the court of appeals.") (citation omitted).

declaration that the challenged laws are unconstitutional and a permanent injunction prohibiting their enforcement.

The court has considered whether to stay this decision to allow defendants to appeal. It is clear, however, that an appeal to the Ninth Circuit would be futile. It is also clear—based on the Supreme Court's denial of petitions for writs of certiorari filed in connection with several circuit court decisions which held that same-sex marriage must be recognized in Indiana,[3] Oklahoma,[4] Utah,[5] Virginia,[6] and Wisconsin[7]—that the High Court will turn a deaf ear on any request for relief from the Ninth Circuit's decision.

## IV.  CONCLUSION

For the reasons given in the preceding section of this order, plaintiffs' motion for summary judgment at docket 47 is granted as follows: this court hereby declares Article 30, Section 1, of the Arizona Constitution; A.R.S § 25-101© and A.R.S. § 25-125(A) unconstitutional by virtue of the fact that they deny same-sex couples the equal protection of the law. It is further ordered that defendants are hereby ordered to

---

[3]*Bogan v. Baskin*, No. 14-277, 2014 WL 4425162 (U.S. Oct. 6, 2014).

[4]*Smith v. Bishop*, No. 14-136, 2014 WL 3854318 (U.S. Oct. 6, 2014).

[5]*Herbert v. Kitchen*, No. 14-124, 2014 WL 3841263 (U.S. Oct. 6, 2014).

[6]*McQuigg v. Bostic*, No. 14-251, 2014 WL 4354536 (U.S. Oct. 6, 2014); *Rainey v. Bostic*, No. 14-153, 2014 WL 3924685 (U.S. Oct. 6, 2014); *Schaefer v. Bostic*, No. 14-225, 2014 WL 4230092 (U.S. Oct. 6, 2014).

[7]*Walker v. Wolf*, No. 14-278, 2014 WL 4425163 (U.S. Oct. 6, 2014).

permanently cease enforcement of those provisions of Arizona law declared unconstitutional by this order. Finally, this court declines to stay the effect of this order.

Defendants' cross-motion for summary judgment is DENIED.

DATED this 16th day of October 2014.

/S/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE