SHAWN K. AIKEN
2390 East Camelback Road, Suite 400
Phoenix, Arizona 85016
Telephone: (602) 248-8203
docket@ashrlaw.com
ska@ashrlaw.com
ham@ashrlaw.com
Shawn K. Aiken - 009002
Heather A. Macre - 026625

DILLON LAW OFFICE
PO Box 97517
Phoenix, Arizona 85060
Telephone: (480) 390-7974
dillonlaw97517@gmail.com
Mark Dillon - 014393

MIKKEL (MIK) JORDAHL P.C.
114 North San Francisco, Suite 206
Flagstaff, Arizona 86001
Telephone: (928) 214-0942
mikkeljordahl@yahoo.com
Mikkel Steen Jordahl - 012211

GRIFFEN & STEVENS
LAW FIRM, PLLC
609 North Humphreys St.
Flagstaff, Arizona 86001
Telephone: (928) 226-0165
stevens@flagstaff-lawyer.com
Ryan J. Stevens – 026378
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Connolly and Terrel L. Pochert; Suzanne Cummins and Holly N. Mitchell; Clark Rowley and David Chaney; R. Mason Hite, IV and Christopher L. Devine; Meagan and Natalie Metz; Renee Kaminski and Robin Reece; Jeffrey Ferst and Peter Bramley,<br><br>Plaintiffs,<br>v.<br><br>Chad Roche, In His Official Capacity As Clerk Of The Superior Court Of Pinal County, Arizona; Michael K. Jeanes, In His Official Capacity As Clerk Of The Superior Court Of Maricopa County, Arizona; and Deborah Young, In Her Official Capacity As Clerk Of The Superior Court Of Coconino County, Arizona,<br><br>Defendants. | Case No. 2:14-cv-00024-JWS<br><br>**PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND RELATED NON-TAXABLE EXPENSES** |

374644.2

## I. PROCEDURAL HISTORY

Plaintiffs move for an award of their costs, including attorneys' fees and related non-taxable expenses under Rule 54(d)(2) of the *Federal Rules of Civil Procedure* and Rule 54.2(b)(2) of the *Local Rules of Practice of the United States District Court for the District of Arizona*.

Plaintiffs sued under 42 U.S.C. § 1983 to strike Arizona Revised Statutes ("A.R.S.") §§ 25-101 (C), -112(A) and article 30, §1 of the state constitution (the "Marriage Discrimination Laws") as unconstitutional under the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the U. S. Constitution and to permanently enjoin their enforcement. Plaintiffs filed their complaint on January 6, 2014 (Doc. 1) and their amended complaint on February 10, 2014 (Doc. 15).

On April 21, 2014, Plaintiffs moved for summary judgment (Doc. 47) requesting the Court's order (a) permanently enjoining the Defendants, acting in their official capacities, and all others under their supervision and control and those acting in concert with them, from enforcing the Marriage Discrimination Laws; and, (b) compelling Defendants to accept applications, issue, and record marriage licenses for the unmarried Plaintiffs. On June 10, 2014, Defendants responded and filed their cross-motion for summary judgment (Doc. 52). On July 1, 2014, Plaintiffs filed their response to Defendants' cross-motion for summary judgment and replied to their motion for summary judgment (Doc. 70). On July 23, 2014, Defendants replied (Doc. 80).

On October 17, 2014, the Court entered its order and opinion granting Plaintiffs' motion for summary judgment. The order and opinion stated in part as follows:

> [T]his court hereby declares Article 30, Section 1, of the Arizona Constitution; A.R.S § 25-101(c) and A.R.S. § 25-125(A) unconstitutional by virtue of the fact that they deny same-sex couples the equal protection of the law. It is further ordered that defendants are hereby ordered to permanently cease enforcement of those provisions of Arizona law declared unconstitutional by this order. Finally, this court declines to stay the effect of this order.

(Doc. 87 at 3:13–4:2).

On October 17, 2014, the Clerk entered judgment in favor of Plaintiffs (Doc. 89). On November 17, 2014, Defendants appealed (Doc. 93). The parties agreed and this Court ordered (Doc. 95-1) that Plaintiffs' motion for attorneys' fees and a bill of costs "may be filed thirty days after this Court's judgment becomes final, following the appeal in this case."

On January 16, 2015, the U.S. Supreme Court agreed to hear consolidated cases from the Sixth Circuit raising the constitutionality of bans on same-sex marriage in Ohio, Kentucky, Tennessee, and Michigan. On June 26, 2015, the U.S. Supreme Court reversed the Sixth Circuit opinion and held that officials in those four states must issue marriage licenses to same-sex couples. *Obergefell v. Hodges*, 2015 WL 2473451 (June 26, 2015). In this action, the Defendants' appeal remains pending.[1]

## II.   APPLICATION FOR AWARD OF FEES AND COSTS

Having obtained the full measure of relief sought, Plaintiffs request an award of their attorneys' fees and costs. *See* 42 U.S.C. § 1988(b) ("In any action or proceeding to enforce a provision of [section 1983] . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs[.]"); *see also Farrar v. Hobby*, 506 U.S. 103, 111 (1992) (explaining that a plaintiff qualifies as a "prevailing party" if he "obtain[s] an enforceable judgment against the defendant from whom fees are sought").

For the reasons described more fully in their supporting memorandum, Plaintiffs seek an award of attorneys' fees ($252,466.76), related non-taxable expenses ($296.81), and taxable costs ($400) in the total amount of $253,163.57, which includes their fees and costs incurred to date, and such additional sums as thereafter may be incurred, including those attorneys' fees and expenses incurred in support of this motion. *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 981 (9th Cir. 2008) ("In statutory fee cases, federal

---

[1] On June 16, 2015, the U.S. Court of Appeals for the Ninth Circuit ordered staying the appeal of the judgment in this action through September 25, 2015 (Case 14-17274 ( Doc. 13)).

3

*Connolly et. al. v. Roche et al.*
374644.2

courts, including our own, have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable." (quoting *In re Nucorp Energy, Inc.*, 764 F.2d 655, 659-60 (9th Cir. 1985))). Plaintiffs will file their *Memorandum in Support of Plaintiffs' Motion for Award of Attorneys' Fees and Related Non-Taxable Costs* concurrently with this Motion as required by LRCiv 54.2(b)(2).

DATED: July 23, 2015.

By  *s/ Shawn K. Aiken – 009002*
Shawn K. Aiken
Heather A. Macre
2390 East Camelback Road, Suite 400
Phoenix, Arizona 85016

By  *s/ Ryan J. Stevens – 026378*
Ryan J. Stevens
GRIFFEN & STEVENS LAW FIRM, PLLC
609 North Humphreys Street
Flagstaff, Arizona 86001

By  *s/ Mikkel Steen Jordahl -- 012211*
Mikkel Steen Jordahl
MIKKEL (MIK) JORDAHL PC
114 North San Francisco, Suite 206
Flagstaff, Arizona 86001

By  *s/ Mark Dillon -- 014393*
Mark Dillon
DILLON LAW OFFICE
PO Box 97517
Phoenix, Arizona 85060

Attorneys for Plaintiffs

I certify that on this 23rd day of July, 2015 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and a copy was electronically transmitted to the following:

Mark Brnovich
Arizona Attorney General
John R. Lopez, IV
Solicitor General
Kathleen P. Sweeney
Assistant Attorney General
1275 West Washington
Phoenix, Arizona 85007-2997
john.lopez@azag.gov
kathleen.sweeney@azag.gov
Attorneys for Defendants

*s/ DeAnn M. Buchmeier*

4

*Connolly et. al. v. Roche et al.*
374644.2