# EXHIBIT A

*Media & Resources* » *Press Releases* » *Attorney General Tom Horne Will Not Appeal Same-Sex Marriage Ruling*

# Attorney General Tom Horne Will Not Appeal Same-Sex Marriage Ruling

*Office to Direct Clerks of Court to Begin Issuing Licenses for Same Sex Marriage Immediately*

**Phoenix, AZ** (Friday, October 17, 2014) – Attorney General Tom Horne is today issuing the following statement:

*"A number of Attorneys General have refused to defend laws defining marriage as between a man and a woman. I have not been among that group. I have fought to defend the laws as passed by the voters of Arizona, which I believe is the duty of the Attorney General.*

*Both the Federal District Court and the 9th Circuit Court of Appeals have ruled against us, and the United States Supreme Court has shown an unwillingness to accept review in the case of three other circuits in essentially identical circumstances.*

*The decision I make today has to be based on legal considerations rather than policy considerations. I believe the first duty of the Attorney General is to be a good lawyer.*

*Lawyers live under a rule called Rule 11, which provides that it is unethical for a lawyer to file a pleading for purposes of delay rather than to achieve a result.*

*The probability of persuading the 9th circuit to reverse today's decision is zero. The probability of the United States Supreme Court accepting review of the 9th circuit decision is also zero.*

*Therefore, the only purpose to be served by filing another appeal would be to waste the taxpayer's money. That is not a good conservative principle.*

*I have decided not to appeal today's decision, which would be an exercise in futility, and which would serve only the purpose of wasting taxpayers' money.*

*I am issuing a letter today to the 15 county clerks of court with the directive that based on today's decision by the Federal District Court, they can issue licenses for same sex marriages immediately."*

**Background:**

Several same-sex couples filed a federal lawsuit in January, 2014, seeking a court order declaring Arizona's traditional marriage laws unconstitutional and enjoining Arizona officials from enforcing those laws. The Attorney

General's Office defended Arizona's marriage laws, including Arizona's state constitutional provision that defines marriage exclusively as "a union of one man and one woman."

After the *Connolly* lawsuit was filed, federal courts in other parts of the United States ruled that similar traditional marriage provisions in other states were unconstitutional. That led the States in those cases to petition the United States Supreme Court to review and overturn those rulings. On Monday, October 6, the Supreme Court declined to review those cases, leaving the lower federal court decisions in effect. The following day, consistent with rulings by the other federal appellate courts, the United States Court of Appeals for the Ninth Circuit filed an opinion in *Latta v. Otter*, holding that traditional marriage laws in Nevada and Idaho were unconstitutional. Because Arizona is in the Ninth Circuit, Judge Sedwick asked the Attorney General and the plaintiffs in the *Connolly* case to file briefs no later than October 16, addressing whether the *Latta* decision controlled the outcome of the Arizona case.

The Attorney General's Office filed a brief on October 16 advising the Court that the Latta decision is not yet considered final under Ninth Circuit case law, and requesting that Judge Sedwick refrain from issuing any ruling based on Latta until it becomes final. Despite the Arizona Attorney General's request, U.S. District Court Judge John Sedwick issued an order and injunction declaring Arizona's traditional marriage laws unconstitutional and prohibiting Arizona officials from enforcing the Arizona laws that ban marriage between persons of the same sex.

# EXHIBIT B



**TOM HORNE**
**ATTORNEY GENERAL**

**OFFICE OF THE ARIZONA ATTORNEY GENERAL**
**SOLICITOR GENERAL'S OFFICE**

**ROBERT L. ELLMAN**
**SOLICITOR GENERAL**
**DIRECT PHONE NO. (602) 542-8986**
**ROBERT.ELLMAN@AZAG.GOV**

November 17, 2014



Shawn K. Aiken, Esq.
Aiken Schenk Hawkins & Ricciardi PC
2390 E. Camelback Road, Suite 400
Phoenix, AZ 85016

Jennifer C. Pizer, Esq.
Lambda Legal, Western Regional Office
4221 Wilshire Boulevard, Suite 280
Los Angeles, CA 90010-3512

> RE: *Connolly, et al. v. Roche, et al.*, USDC-AZ No. 2:14-cv-0024-JWS
> *Majors, et al. v. Jeanes, et al.*, USDC-AZ No. 2:14-cv-00518-JWS

Dear Counsel,

I am writing to inform you that the Arizona Attorney General's Office will be filing notices of appeal in the above-referenced cases for the limited purpose of preventing the State of Arizona from becoming liable for your clients' reasonable attorneys' fees in the event that the United States Supreme Court grants a writ of certiorari and resolves the recently-created circuit split in favor of upholding traditional marriage laws. This decision has no effect on the status quo for same-sex marriages in Arizona. Unless and until the Supreme Court rules in that fashion, Arizona *will not* seek to dissolve the district court's injunction, *will* continue issuing marriage licenses to same-sex couples, and *will* continue to recognize the validity of same-sex marriages.

As you know, after the Arizona Attorney General announced that the defendants would not appeal the district court's rulings of October 17, the United States Court of Appeals for the Sixth Circuit issued its decision in *DeBoer v. Snyder*, upholding the constitutionality of traditional marriage laws in four states and creating a circuit split. On November 14, the plaintiffs in the consolidated *DeBoer* cases filed petitions for certiorari review by the Supreme Court. This creates a distinct possibility that the United States Supreme Court will grant a writ of certiorari in the current term to address the issue that it recently declined to review (in the absence of a circuit split) in cases arising from contrary holdings by the Fourth, Seventh and Tenth Circuits. Consequently, there is now a possibility that the Supreme Court will conclude

Shawn K. Aiken, Esq.
Jennifer C. Pizer, Esq.
November 17, 2014
Page 2

that the kind of traditional marriage laws that Judge Sedwick found unconstitutional in our cases
are, in fact, constitutional.

In order to fully protect Arizona's interests in the event that Supreme Court determines
that traditional marriage laws such as ours are constitutional, it is necessary to notice an appeal.
Such a ruling would change the circumstances in much of the country, including Arizona, but
that would be true with or without an appeal. The appeal is necessary in our cases as a
precautionary measure because then, if the Supreme Court upholds the Sixth Circuit's decision,
the defendants in our cases will become the prevailing parties and Arizona taxpayers would not
be obligated to pay your clients' attorneys' fees.

Again, the Arizona Attorney General will not move to dissolve the district court's
injunction during the pendency of the appeal. Arizona authorities will continue to issue marriage
licenses to otherwise eligible same sex applicants, and they will continue to recognize the
validity of same sex marriages unless and until the Supreme Court determines that traditional
marriage laws such as Arizona's are actually constitutional.

After the Ninth Circuit dockets our appeals, we will move to stay the appellate
proceedings until the Supreme Court acts on the petitions for writ of certiorari in the Sixth
Circuit case and/or the Ninth Circuit case striking down traditional marriage laws in Nevada and
Idaho. If the Supreme Court denies the petitions, or if the Supreme Court grants the petitions but
holds traditional marriage laws unconstitutional, the Arizona Attorney General will voluntarily
dismiss our appeals and the district court's judgment and injunction will become final in our
cases. If the Supreme Court grants review and upholds the Sixth Circuit decision, the Attorney
General will ask the Ninth Circuit to vacate the district court's judgment and injunction in our
cases, and we would oppose any motion for attorneys' fees on the ground that the plaintiffs are
not prevailing parties.

I hope that you recognize the necessity of our actions in light of the changed
circumstances.

Respectfully and with best regards,

*Rob Ellman*

Robert L. Ellman
Solicitor General

RLE/bg

*#4224291*

6

# EXHIBIT C



# 2013

## STATE BAR OF ARIZONA

# Economics of Law Practice in Arizona

**Attorney Net Income**

**Hourly Billing Rates**

**Salaries for Associates and Support Staff**

**EXCERPTS**



# 2013

**STATE BAR** OF **ARIZONA**

## Desktop Reference on the
# Economics of Law Practice in Arizona

### Contents

Introduction..................................................................1

Typical Arizona Attorney/Firm & Trends ......4

Arizona Attorney 2012 Income .......................8

2013 Billing Rates and Practices ..................20

Other Aspects of Law Office Economics ...29

Job Satisfaction and Economic
Sentiment Indicators ...................................37

Survey Conducted by:
The Applied Statistics Laboratory
Ann Arbor, Michigan
ASLInfo@aol.com • 734.369.6082
Aslsurveys.com

©2013, STATE BAR OF ARIZONA. ALL RIGHTS RESERVED.

# A MESSAGE
# FROM THE STATE BAR PRESIDENT



This fifth edition of *Economics of Law Practice in Arizona* comes at a time when Arizona is starting to recover from the economic downturn that began in September 2008. Our 2010 Economics Survey revealed that 38% of our members anticipated economic conditions would remain about the same through 2012. Were they right?

This study contains net income by years in practice for government attorneys as well as in-house counsel, tribal counsel, legal services attorneys, law clerks, and non-legal professionals. As you can see, the median net income for lawyers has increased more than 10%.

Meanwhile, law schools are seeing a decline in enrollment, resulting in some considering tuition cuts to lure more students. Other law schools have launched their own law firms based on a clinic-model so that new graduates have employment where they can gain real-life experience before venturing out on their own. Consumer agencies are challenging law schools to be transparent about job opportunities in the legal profession.

New attorneys, burdened with substantial law school debt, find that job opportunities are scarce. Many of them are setting up their own practices or working at reduced fees to generate income. Senior attorneys who can't afford to retire continue to work full or part-time. The commoditization of legal services, driven by Internet-based legal services, challenges attorneys to restructure their billing practices in order to attract clients of modest means. As one respondent to this survey commented, "The world is changing. Get ready."

This report has become a staple for many Arizona practitioners and office managers. It offers timely information that is specific by type of practice, geographic location, and years in practice:

- Attorneys seeking to justify their legal fees use this report in court to prove that their fees are in line with the Arizona industry.
- Members considering relocating to another county learn what they can expect to earn based on their particular practice area.
- Out-of-state attorneys, both members and non-members, who are in transition use it explore if economic prospects in Arizona compare with the rest of the country.

Thank you to the more than 2,000 Arizona attorneys who anonymously shared your information so we all could benefit. These responses have contributed to the development of this valuable resource for attorneys and law office managers.

Dr. Larry Stiffman of *Applied Statistics Laboratory* in Michigan conducted the survey. If you would like help interpreting the information presented here, you may contact him at **734.369.6052**. Questions of a general nature and feedback can be emailed to the State Bar at **economicreport@azbar.org**.

We hope you find this study to be a useful resource. We value your input.

Sincerely,

Amelia Craig Cramer
President, State Bar of Arizona

# INTRODUCTION

During March 2013, the State Bar of Arizona ("SBA") surveyed the Arizona legal community on the economics of law practice. Similar studies were undertaken in 2010, 2007, 2004 and 2001.

The objectives were to determine:

- Current demographics of practicing attorneys

- Attorney income by practice category, gender, field of law, office location, work status, years in practice and firm size (measured by number of attorneys)

- Associate, legal assistant, and secretary salaries by years of experience and office location

- Prevailing average hourly billing rates for attorneys by a variety of indicators, and legal assistants by years of experience, firm size and office location

- Attorney time allocated to billable and non-billable professional activities

- Overhead expenses, gross revenues and overhead rates associated with maintaining a private practice by office location and firm size

- Law office management practices, and

- Job satisfaction and economic sentiment on current and future circumstances influencing the practice of law

All information has been consolidated into this reference to help guide attorneys as they plan and manage their professional lives. Attorneys can compare themselves and their firms or organizations against "norms" established by the aggregation of survey data. Attention is given to the analysis of gender-specific factors regarding attorney income. Time series information is provided to denote trends.

## METHODS AND MEASURES

For 2013, survey results are based on a 51-question online confidential survey instrument ("questionnaire") that was emailed to 17,500 attorneys. The data obtained from approximately 2,000 usable returned questionnaires (including 139 out-of-state practitioners reporting information) were tabulated and analyzed by the Applied Statistics Laboratory of Ann Arbor, Michigan. Applied Statistics Laboratory provides legal economics survey research to bar associations nationwide, having fielded more than 40 surveys in the last 35 years.

Throughout the report, N refers to the frequency or number of responses.

To help practitioners interpret the information provided in the exhibits below, here is a brief discussion of measures of central tendency (median and mean) and dispersion (spread).

©2013, STATE BAR OF ARIZONA. ALL RIGHTS RESERVED.

## MEASURES OF CENTRAL TENDENCY

The **mean** (also called the average or arithmetic average) is calculated by adding the values of all responses, then dividing by the number of responses. The **median** is the middle value of a series (distribution) of values, which is initially rank-ordered (from low to high or *vice versa*). By definition, half the numbers are greater and half are less than the median.

Both mean and median values are used throughout this survey report to denote the measure of central tendency. However, the median reduces the effect of extremely high or low values.

> **For Example:**
> Five attorneys report hourly billing rates of $150, $250, $350, $500 and $1800.
>
> The **mean** hourly billing rate = (150+250+350+500+1800)/5=$610.
>
> The **median** hourly billing rate is $350, because half of the numbers are greater and half are less than the median.

## MEASURES OF DISPERSION (SPREAD)

The dispersion of data around the **median (the 50th percentile)** is based on three values:

> **25th percentile** (lower quartile)
> One-fourth of the values are less and three-fourths are more than this value.
>
> **75th percentile** (upper quartile)
> Three-fourths of the values are less and one-fourth are more than this value.
>
> **95th percentile**
> Ninety-five percent of the values are less and five percent are more than this value.

## GEOGRAPHIC AREAS DEFINED

The survey divided Arizona into geographic areas by county for aggregation and reporting key statistics generated from the data. Maricopa County was segmented to include office locations in Phoenix, Tempe, Mesa, Scottsdale and remaining areas. Counties with insufficient responses for reporting include Graham, Greenlee, and La Paz (although those counties are included in statewide totals.).

## INTERPRETING FINDINGS

Because the survey was conducted in 2013, attorney net income, gross revenue and overhead expenses represent 2012 reported values. All other data represent 2013 values covering responses received in March, 2013.

*Net income* represents personal income (after expenses) or salaries from the practice of law, before taxes, for 2012. Bonus information was not addressed as a separate question and may or may not have been included by respondents.

To denote gaps such as the "gender gap" of reporting incomes, the term "gap" is used on selected exhibits as a proportion calculated as the median value of one group divided by another. Hypothetically, a reported income of $85,000 for a group of female attorneys divided by $100,000 for a like group of male attorneys yields the proportion of .85. This could be interpreted in plain English as this group (cohort) of women earns "85 cents on the dollar" compared with their male cohort.

©2013, STATE BAR OF ARIZONA. ALL RIGHTS RESERVED.

Despite the use of the median to reduce the effect of extremely high or low values ("outliers"), as noted above, readers should use particular caution in interpreting data when only a small number of responses are available. In such cases, readers are advised to "group up" to a larger geographic area or practice category, where appropriate, in order to not distort reality. Generally, no value is represented if fewer than five responses are reported. In some instances, an exhibit may list fewer than five responses if the data were deemed important enough, with the understanding that the reader should use care when drawing inferences from such a small sample.

Totals do not always reflect the sum of subgroups, as respondents often report just a total value without responding to a subcategory. Findings should be considered and used only in their entirety to avoid misconstruing the meaning of individual exhibits within this report.

Personnel planning and decision-making include many factors not covered in surveys of this scope or nature. However, this report provides ranges of values that can help in developing sound and equitable hiring and compensation policies.

## MARGINS OF ERROR

Margins of error (sampling error) are provided for three key measures: attorney 2012 mean net income (plus or minus 2.14% of the mean value), attorney 2013 hourly billing rates (plus or minus 3.24%), and total hours worked (accounted for) in the average 2013 workweek (plus or minus 2.35%).

## REPRESENTATIVENESS OF SAMPLE

The sample of returns is generally correlated with the office location and gender of the overall in-state, active membership, allowing inference from survey results to the attorney population, as summarized in **Exhibit 1:**

| EXHIBIT 1 | Comparison of Survey Sample with Universe of Attorneys, 2013 | | | |
|---|---|---|---|---|
| **Office Location (By County)** | **Universe of Attorneys** | **Percent of Total** | **Survey Responses** | **Percent of Total** |
| **Maricopa** | 11,783 | 65.6% | 1,346 | 67.7% |
| **Pima** | 2,449 | 13.6% | 307 | 15.4% |
| **All Others (In-State)** | 1,437 | 8.0% | 197 | 9.9% |
| **All Others (Out-of-State)** | 2,303 | 12.8% | 139 | 7.7% |
| **Total** | 17,972 | 100.0% | 1,989 | 100% |
| **Gender** (Includes retirees and inactives) | | | | |
| **Male** | 14,428 | 64.9% | 1192 | 60.1% |
| **Female** | 7,815 | 35.1% | 792 | 39.9% |
| **Total** | 22,243 | 100.0% | 1,984 | 100% |

©2013. STATE BAR OF ARIZONA. ALL RIGHTS RESERVED.

# TYPICAL ARIZONA ATTORNEY/FIRM & TRENDS

This section summarizes key statistics derived from the 2013 survey. Emphasis here is on the concerns of the "average" attorney and the "average" firm with respect to net income, hourly billing rates and office management practices.

## MEMBERSHIP DEMOGRAPHICS

The typical (median value) respondent is 46 years of age and has been in practice for 15 years. The average male attorney is 49 years of age and has been in practice 18 years. The average female attorney is 43 and has been in practice for 12 years. Women represent 40% of respondents. Approximately 62% of respondents are private practitioners. Of the remainder, 25% work in government agencies including the judiciary, 9% are in-house counsel and the remaining 3% work in legal aid, as law clerks, are in a non-legal profession or indicated "other" ("All Other").

**Exhibit 2** depicts the stability of the percentage of respondents by practice category over the five survey reporting periods.



EXHIBIT 2    Percent of Survey Respondents by Practice Category, 2001-2013

©2013, STATE BAR OF ARIZONA. ALL RIGHTS RESERVED.

Within the practice category grouping, women represent 37% of home-based sole practitioners, 47% of associates (in firms with 2-7 attorneys), 51% of associates (in firms with 8+ attorneys), 42% of local government attorneys, 58% of state government attorneys, 49% of federal government attorneys, 36% of in-house counsel (for profit), 49% of house counsel (non-profit).

**Exhibit 3** distributes respondents by practice categories and gender.



EXHIBIT 3     Counts of 2013 Survey Respondents by Practice Category and Gender

Approximately 10% of private practitioners report that they practice law on a part-time basis. About 4% of sole practitioners working outside of the home are female part-timers and 9% of sole practitioners are male part-timers. About 19% of sole practitioners working at home are female part-timers and 30% of solos are male part-timers. Within firms, only 3% of respondents are female part-timers and only 2% of respondents are male part-timers.

**Exhibit 4** distributes survey respondents by gender and work status for each of the five survey reporting periods.



EXHIBIT 4     Percent of Survey Respondents by Work Status, 2001-2013

©2013, STATE BAR OF ARIZONA ALL RIGHTS RESERVED.

## 2012 MEDIAN ATTORNEY NET INCOME

The median net income reported for all respondents (part- and full-time) is $100,000. This represents an 11.1% increase over 2009. Mean (average) net income for all respondents (part- and full-time) is $139,196, up 12% from three years ago. The median net income reported for respondents working full-time in 2012 is $104,000, up 10.9%. The mean (average) net income for respondents working full time is $143,403, up 11.8%. Part-time respondents report incomes of $60,000 (median value) (flat since 2009) and $95,937 (mean or average value) up 13.9%.

## 2013 HOURLY BILLING RATES AND WORK VOLUME

The 2013 reported median hourly billing rate is $255. The average value is $280. Median values for compensable/billable work time is 40 hours per week and 45 hours for total professional hours worked.

## 2012 OFFICE EXPENDITURES AND REVENUES
## (PRIVATE PRACTITIONERS ONLY)

The median value for 2012 total office expenditures on a "per attorney" basis is $68,000, and the average value is $90,604. Non-lawyer labor cost represents the major line item expenditure at $45,000 per attorney (median value). Median gross revenues per attorney for 2012 is $175,000 (Average value is $226,344).

The relative contribution of each overhead component is summarized across the five reporting periods as **Exhibit 5**. Component values do not sum to the total, as not all respondents supplied values for each category. Some respondents only completed the totals category, omitting the component categories.



EXHIBIT 5    Components of Fixed Costs per Attorney, Practices and Firms, 2000-2012

## TRENDS IN ARIZONA LAWYER ECONOMIC DATA

The 2013 survey replicates many questions addressed in previous surveys facilitating trend analyses. **Exhibit 6** provides summary statistics over the last 13 years. Note that (1) different attorneys responded to the questionnaires for each time period, (2) the respondents differ from the general population in terms of a higher proportion of female respondents compared with the universe of female attorneys in Arizona, and (3) the respondents are computer users, as this survey was conducted online.

The aging of the attorney population between reporting periods has stabilized. The proportion of the bar that is female has also stabilized, from 31% in 2007 to 34% in 2010 to 34% in 2013. (Bar membership data used here.)

Total hours, billable hours and pro-bono hours worked per week has been static for most of the decade.

Hourly billing rates rose only 3.5% per year since 2001, essentially flat in real terms when inflation is considered.  The most recent change in reported rates between 2010 and 2013 is only .7%.

©2013. STATE BAR OF ARIZONA. ALL RIGHTS RESERVED



# LAW PRACTICE AND LAW FIRM
# 2013 BILLING RATES AND BILLING PRACTICES

## ATTORNEY HOURLY BILLING RATES

The reported 2013 median hourly billing rate is $255. The average is $280. While several interacting factors affect the setting and application of hourly billing rates, **Exhibit 25** includes three discrete factors: respondents' firm size, years in practice and office location, while **Exhibit 26** identifies respondents' primary source of income, and practice category.

| EXHIBIT 25 | 2013 Hourly Billing Rates by Firm Size, Years in Practice and Office Location | | | | | |
|---|---|---|---|---|---|---|
| | | | | —— Value by Percentile —— | | |
| **Firm Size** | **N** | **Mean** | **25th** | **Median** | **75th** | **95th** |
| 1 | 330 | $249 | $200 | $250 | $300 | $375 |
| 2 | 85 | 265 | 200 | 250 | 300 | 400 |
| 3-6 | 148 | 270 | 200 | 250 | 325 | 415 |
| 7-10 | 66 | 283 | 180 | 238 | 320 | 465 |
| 11-20 | 51 | 296 | 220 | 275 | 370 | 500 |
| 21-50 | 76 | 318 | 225 | 308 | 375 | 525 |
| 51+ | 83 | 372 | 275 | 375 | 450 | 545 |
| **Years in Practice** | | | | | | |
| 1-2 | 89 | $194 | $175 | $200 | $240 | $265 |
| 3-5 | 87 | 220 | 185 | 210 | 250 | 300 |
| 6-10 | 119 | 273 | 200 | 250 | 300 | 405 |
| 11-15 | 97 | 279 | 225 | 270 | 325 | 450 |
| 16-25 | 180 | 290 | 225 | 300 | 350 | 450 |
| >25 | 296 | 320 | 250 | 300 | 375 | 515 |
| **Office Location** | | | | | | |
| Cochise | 7 | $237 | $200 | $225 | $250 | $350 |
| Coconino | 11 | 179 | 150 | 195 | 225 | 285 |
| Maricopa-Phoenix | 405 | 301 | 220 | 285 | 370 | 500 |
| Maricopa-Tempe | 39 | 244 | 200 | 250 | 300 | 350 |
| Maricopa-Mesa | 35 | 264 | 200 | 250 | 300 | 465 |
| Maricopa- Scottsdale | 105 | 270 | 215 | 275 | 315 | 400 |
| Maricopa-Other areas | 37 | 242 | 195 | 250 | 300 | 350 |
| Mohave | 7 | 252 | 225 | 250 | 290 | 325 |
| Navajo | 6 | 163 | 100 | 163 | 200 | 250 |
| Pima | 131 | 270 | 200 | 250 | 310 | 450 |
| Yavapai | 14 | 238 | 200 | 238 | 255 | 300 |
| Yuma | 7 | 224 | 200 | 200 | 250 | 300 |
| All Others Instate | 21 | 206 | 185 | 200 | 250 | 285 |
| Out of State | 51 | 295 | 225 | 295 | 350 | 495 |
| **All Attorneys** | **876** | **$279** | **$200** | **$255** | **$340** | **$450** |

©2013. STATE BAR OF ARIZONA. ALL RIGHTS RESERVED.

## EXHIBIT 26   2013 Hourly Billing Rates by Primary Field of Law and Practice Category

| Primary Field of Law | N | Mean | 25th | Median | 75th | 95th |
|---|---|---|---|---|---|---|
| | | | | ——— Value by Percentile ——— | | |
| Administrative law | 13 | $243 | $200 | $250 | $285 | $325 |
| Appellate practice | 11 | 334 | 240 | 350 | 410 | 600 |
| Banking | 6 | 334 | 225 | 301 | 375 | 600 |
| Bankruptcy/receivership | 43 | 286 | 200 | 250 | 350 | 495 |
| Business litigation | 43 | 336 | 265 | 325 | 375 | 535 |
| Civil litigation | 130 | 271 | 200 | 258 | 330 | 450 |
| Collections | 9 | 261 | 225 | 250 | 250 | 400 |
| Construction law | 16 | 284 | 213 | 250 | 355 | 550 |
| Consumer law | 5 | 311 | 250 | 250 | 355 | 450 |
| Criminal defense (private) | 32 | 237 | 175 | 225 | 275 | 450 |
| Criminal defense (public) | 12 | 192 | 113 | 193 | 225 | 400 |
| Education law | 11 | 254 | 150 | 250 | 350 | 440 |
| Environmental law | 7 | 370 | 295 | 340 | 490 | 575 |
| Estate planning, probate & trusts | 76 | 274 | 225 | 275 | 318 | 400 |
| Family law/domestic relations | 89 | 262 | 225 | 250 | 300 | 375 |
| General corporate (not covered above) | 32 | 298 | 233 | 275 | 355 | 500 |
| General personal matters not covered above | 6 | 306 | 240 | 285 | 350 | 450 |
| General practice | 12 | 269 | 213 | 273 | 313 | 450 |
| Health and hospital law | 8 | 328 | 263 | 295 | 380 | 500 |
| Immigration and naturalization | 7 | 296 | 200 | 250 | 425 | 450 |
| Insurance law (not torts) | 15 | 236 | 170 | 200 | 300 | 425 |
| Intellectual property | 25 | 324 | 250 | 320 | 375 | 495 |
| Juvenile law | 6 | 214 | 175 | 213 | 250 | 285 |
| Labor relations for employees/unions | 6 | 302 | 250 | 293 | 375 | 400 |
| Labor relations for management | 15 | 344 | 285 | 340 | 440 | 545 |
| Medical malpractice | 11 | 262 | 150 | 225 | 350 | 450 |
| Municipal/public entity law | 10 | 277 | 225 | 238 | 250 | 650 |
| Natural resources law | 6 | 308 | 195 | 288 | 375 | 525 |
| Pensions and employee benefits | 6 | 203 | 125 | 213 | 230 | 340 |
| Personal injury (defense) | 21 | 201 | 175 | 175 | 200 | 300 |
| Personal injury (plaintiff) | 47 | 276 | 250 | 260 | 300 | 450 |
| Real estate | 56 | 315 | 248 | 303 | 383 | 500 |
| Securities | 6 | 533 | 250 | 325 | 375 | 1800 |
| Taxation (corporate) | 6 | 345 | 250 | 325 | 425 | 500 |
| Taxation (individuals/ small business) | 12 | 231 | 150 | 255 | 298 | 450 |
| Workers' compensation (plaintiff) | 5 | 210 | 175 | 200 | 250 | 300 |
| Total | 840 | $281 | $200 | $260 | $340 | $465 |

| Practice Category | N | Mean | 25th | Median | 75th | 95th |
|---|---|---|---|---|---|---|
| Solo, office outside home | 206 | $262 | $225 | $250 | $300 | $375 |
| Solo, home office | 111 | 235 | 150 | 250 | 300 | 400 |
| Solo with 1+ assoc. | 29 | 280 | 225 | 275 | 300 | 425 |
| Space sharer | 10 | 292 | 240 | 298 | 400 | 400 |
| Partner in firm with 2-7 partners | 121 | 291 | 250 | 285 | 350 | 400 |
| Partner in firm with 8+ partners | 141 | 392 | 325 | 395 | 450 | 550 |
| Associate in firm with 1 attorney | 31 | 226 | 195 | 200 | 250 | 350 |
| Associate in firm with 2-7 partners | 106 | 221 | 175 | 203 | 250 | 355 |
| Associate in firm with 8+ partners | 85 | 277 | 200 | 250 | 300 | 405 |
| Group Total | 859 | $379 | $200 | $255 | $340 | $450 |

©2013. STATE BAR OF ARIZONA. ALL RIGHTS RESERVED

21

# HOURLY BILLING RATES FOR ASSOCIATES AND LEGAL ASSISTANTS

The distribution of hourly billing rates for associates and legal assistants is summarized by years of experience in **Exhibit 27**. Firm size and office location are associated with variations in associate billing rates, with tenure dominating that influence. **(Exhibits 28 and 29).**

**EXHIBIT 27**   2013 Hourly Billing Rates for Associates and Legal Assistants by Years of Experience

|  |  | | Value by Percentile | | |
|---|---|---|---|---|---|
| **Associates** | **N** | **Mean** | **25th** | **Median** | **75th** | **95th** |
| New, No Experience | 112 | $192 | $160 | $185 | $220 | $250 |
| 1–4 Years | 126 | 212 | 185 | 200 | 250 | 285 |
| 5–9 Years | 117 | 247 | 205 | 250 | 275 | 350 |
| 10+ Years | 113 | 288 | 250 | 295 | 350 | 450 |
| **Legal Assistants** |  |  |  |  |  |  |
| New, No Experience | 66 | $91 | $75 | $95 | $110 | $160 |
| 1–4 Years | 89 | 105 | 75 | 100 | 125 | 175 |
| 5–9 Years | 92 | 113 | 93 | 110 | 125 | 175 |
| 10+ Years | 126 | 125 | 100 | 125 | 150 | 185 |

**EXHIBIT 28**   2013 Associate Hourly Billing Rates by Firm Size & Years of Experience

| | | | Value by Percentile | | |
|---|---|---|---|---|---|
| **Size of Firm 1** | **Valid N** | **Mean** | **25th** | **Median** | **75th** | **95th** |
| New, No Experience | 3 | $168 | $150 | $175 | $180 | $180 |
| 1–4 Years | 7 | 190 | 150 | 200 | 230 | 250 |
| 5–9 Years | 6 | 223 | 195 | 213 | 250 | 275 |
| 10+ Years | 9 | 232 | 200 | 200 | 300 | 325 |
| **Size of Firm 2** | **Valid N** | **Mean** | **25th** | **Median** | **75th** | **95th** |
| New, No Experience | 9 | $183 | $150 | $175 | $200 | $300 |
| 1–4 Years | 17 | 204 | 200 | 200 | 200 | 250 |
| 5–9 Years | 10 | 247 | 205 | 250 | 250 | 350 |
| 10+ Years | 12 | 285 | 228 | 275 | 350 | 450 |
| **Size of Firm 3–6** | **Valid N** | **Mean** | **25th** | **Median** | **75th** | **95th** |
| New, No Experience | 32 | $187 | $153 | $175 | $200 | $250 |
| 1–4 Years | 35 | 207 | 180 | 200 | 250 | 280 |
| 5–9 Years | 36 | 238 | 200 | 235 | 268 | 350 |
| 10+ Years | 39 | 279 | 250 | 275 | 300 | 450 |
| **Size of Firm 7–20** | **Valid N** | **Mean** | **25th** | **Median** | **75th** | **95th** |
| New, No Experience | 27 | $194 | $150 | $190 | $225 | $275 |
| 1–4 Years | 30 | 215 | 185 | 200 | 250 | 285 |
| 5–9 Years | 27 | 246 | 225 | 250 | 275 | 300 |
| 10+ Years | 21 | 293 | 250 | 300 | 350 | 375 |
| **Size of Firm >20** | **Valid N** | **Mean** | **25th** | **Median** | **75th** | **95th** |
| New, No Experience | 40 | $201 | $180 | $190 | $225 | $250 |
| 1–4 Years | 37 | 220 | 195 | 220 | 240 | 310 |
| 5–9 Years | 38 | 261 | 210 | 250 | 300 | 350 |
| 10+ Years | 31 | 313 | 250 | 300 | 385 | 450 |

©2013. STATE BAR OF ARIZONA. ALL RIGHTS RESERVED

## EXHIBIT 29    2013 Associate Hourly Billing Rates by Office Location & Years of Experience

| Maricopa County | Valid N | Mean | 25th | Median | 75th | 95th |
|---|---|---|---|---|---|---|
| | | | ─── Value by Percentile ─── | | | |
| New, No Experience | 90 | $194 | $160 | $188 | $225 | $250 |
| 1-4 Years | 99 | 218 | 195 | 210 | 250 | 300 |
| 5-9 Years | 90 | 249 | 205 | 250 | 275 | 350 |
| 10+ Years | 89 | 292 | 250 | 300 | 350 | 400 |
| **Pima County** | **Valid N** | **Mean** | **25th** | **Median** | **75th** | **95th** |
| New, No Experience | 7 | $193 | $175 | $200 | $210 | $250 |
| 1-4 Years | 11 | 195 | 175 | 200 | 200 | 280 |
| 5-9 Years | 10 | 244 | 225 | 250 | 275 | 350 |
| 10+ Years | 10 | 274 | 210 | 263 | 300 | 450 |
| **Remainder Arizona** | **Valid N** | **Mean** | **25th** | **Median** | **75th** | **95th** |
| New, No Experience | 13 | $186 | $150 | $175 | $190 | $365 |
| 1-4 Years | 13 | 187 | 150 | 175 | 220 | 250 |
| 5-9 Years | 16 | 238 | 198 | 230 | 250 | 400 |
| 10+ Years | 12 | 267 | 200 | 250 | 333 | 500 |

## EXHIBIT 30    2013 Legal Assistant Hourly Billing Rates by Firm Size & Years of Experience

| Size of Firm 1 | Valid N | Mean | 25th | Median | 75th | 95th |
|---|---|---|---|---|---|---|
| | | | ─── Value by Percentile ─── | | | |
| New, No Experience | 8 | $72 | $28 | $76 | $110 | $150 |
| 1-4 Years | 19 | 93 | 65 | 100 | 125 | 175 |
| 5-9 Years | 15 | 95 | 75 | 100 | 125 | 125 |
| 10+ Years | 30 | 109 | 95 | 100 | 125 | 175 |
| **Size of Firm 2** | **Valid N** | **Mean** | **25th** | **Median** | **75th** | **95th** |
| New, No Experience | 3 | $83 | $50 | $100 | $100 | $100 |
| 1-4 Years | 12 | 95 | 68 | 93 | 118 | 175 |
| 5-9 Years | 13 | 119 | 110 | 125 | 135 | 165 |
| 10+ Years | 12 | 113 | 97 | 115 | 130 | 150 |
| **Size of Firm 3-6** | **Valid N** | **Mean** | **25th** | **Median** | **75th** | **95th** |
| New, No Experience | 22 | $79 | $50 | $88 | $100 | $125 |
| 1-4 Years | 25 | 103 | 75 | 100 | 125 | 175 |
| 5-9 Years | 30 | 107 | 90 | 100 | 120 | 150 |
| 10+ Years | 42 | 124 | 100 | 125 | 145 | 180 |
| **Size of Firm 7-20** | **Valid N** | **Mean** | **25th** | **Median** | **75th** | **95th** |
| New, No Experience | 10 | $99 | $75 | $83 | $125 | $175 |
| 1-4 Years | 12 | 119 | 88 | 115 | 150 | 195 |
| 5-9 Years | 13 | 119 | 110 | 125 | 125 | 175 |
| 10+ Years | 18 | 128 | 110 | 130 | 150 | 200 |
| **Size of Firm >20** | **Valid N** | **Mean** | **25th** | **Median** | **75th** | **95th** |
| New, No Experience | 23 | $107 | $85 | $100 | $125 | $150 |
| 1-4 Years | 21 | 117 | 100 | 120 | 125 | 175 |
| 5-9 Years | 20 | 132 | 108 | 125 | 150 | 190 |
| 10+ Years | 23 | 150 | 120 | 140 | 175 | 225 |

©2013. STATE BAR OF ARIZONA. ALL RIGHTS RESERVED.

23

**EXHIBIT 31    2013 Legal Assistant Hourly Billing Rates by Office Location and Years of Experience**

| | | | Value by Percentile | | | |
|---|---|---|---|---|---|---|
| **Maricopa County** | **Valid N** | **Mean** | **25th** | **Median** | **75th** | **95th** |
| New, No Experience | 48 | $93 | $75 | $93 | $113 | $150 |
| 1-4 Years | 69 | 108 | 80 | 105 | 125 | 175 |
| 5-9 Years | 63 | 113 | 90 | 110 | 135 | 175 |
| 10+ Years | 94 | 129 | 100 | 125 | 150 | 200 |
| **Pima County** | **Valid N** | **Mean** | **25th** | **Median** | **75th** | **95th** |
| New, No Experience | 5 | $104 | $95 | $100 | $100 | $160 |
| 1-4 Years | 8 | 89 | 50 | 85 | 113 | 175 |
| 5-9 Years | 14 | 115 | 100 | 123 | 125 | 150 |
| 10+ Years | 15 | 103 | 100 | 100 | 110 | 150 |
| **Remainder Arizona** | **Valid N** | **Mean** | **25th** | **Median** | **75th** | **95th** |
| New, No Experience | 12 | $79 | $50 | $88 | $100 | $175 |
| 1-4 Years | 10 | 101 | 95 | 100 | 120 | 125 |
| 5-9 Years | 13 | 105 | 90 | 100 | 125 | 150 |
| 10+ Years | 16 | 118 | 99 | 123 | 135 | 150 |

**Exhibit 32** displays the impact of firm size on methods deployed when billing clients for legal assistant services.

**Exhibit 32    Client Billing Methods for Legal Assistant Services by Firm Size, 2013**

| Size of Firm | Included in Bill | Time Basis | Fee Schedule | Other System | Total |
|---|---|---|---|---|---|
| 1 | 29.6% | 62.0% | 4.6% | 3.7% | 100% |
| 2 | 42.6% | 53.7% | 3.7% | | 100% |
| 3-6 | 9.7% | 81.9% | 5.6% | 2.8% | 100% |
| 7-10 | 6.9% | 82.8% | 3.4% | 6.9% | 100% |
| 11-20 | 11.1% | 83.3% | 5.6% | | 100% |
| 21-50 | 7.1% | 89.3% | 3.6% | | 100% |
| 51 or more | 3.4% | 89.7% | 3.4% | 3.4% | 100% |
| All Firms (2013) | 20.4% | 72.5% | 4.4% | 2.7% | 100% |
| All Firms (2010) | 26.9% | 63.5% | 4.8% | 4.8% | 100% |
| All Firms (2007) | 19.4% | 74.1% | 3.4% | 3.1% | 100% |
| All Firms (2004) | 19.4% | 73.9% | 2.3% | 4.4% | 100% |

©2013. STATE BAR OF ARIZONA. ALL RIGHTS RESERVED.

# EXHIBIT 1

1  SHAWN K. AIKEN
   2390 East Camelback Road, Suite 400
2  Phoenix, Arizona 85016
   Telephone: (602) 248-8203
3  docket@ashrlaw.com
   ska@ashrlaw.com
4  ham@ashrlaw.com
   Shawn K. Aiken - 009002
5  Heather A. Macre - 026625

6  DILLON LAW OFFICE
   PO Box 97517
7  Phoenix, Arizona 85060
   Telephone: (480) 390-7974
8  dillonlaw97517@gmail.com
   Mark Dillon - 014393
9
   MIKKEL (MIK) JORDAHL P.C.
10 114 North San Francisco, Suite 206
   Flagstaff, Arizona 86001
11 Telephone: (928) 214-0942
   mikkeljordahl@yahoo.com
12 Mikkel Steen Jordahl - 012211

13 GRIFFEN & STEVENS
   LAW FIRM, PLLC
14 609 North Humphreys St.
   Flagstaff, Arizona 86001
15 Telephone: (928) 226-0165
   stevens@flagstaff-lawyer.com
16 Ryan J. Stevens – 026378

17 *Attorneys for Plaintiffs*

18          UNITED STATES DISTRICT COURT

19              DISTRICT OF ARIZONA

20 | Joseph Connolly and Terrel L. Pochert; Suzanne | Case No. 2:14-cv-00024-JWS
   | Cummins and Holly N. Mitchell; Clark Rowley
21 | and David Chaney; R. Mason Hite, IV and
   | Christopher L. Devine; Meagan and Natalie       | **AFFIDAVIT OF SHAWN K.**
22 | Metz; Renee Kaminski and Robin Reece; Jeffrey   | **AIKEN IN SUPPORT OF**
   | Ferst and Peter Bramley,                        | **PLAINTIFFS' MOTION FOR**
23 |                                                 | **AWARD OF ATTORNEYS' FEES**
   |                          Plaintiffs,            | **(MEMORANDUM SUPPORTING**
24 | v.                                              | **DOCUMENTATION #4)**

25 Chad Roche, In His Official Capacity As Clerk
   Of The Superior Court Of Pinal County,
26 Arizona; Michael K. Jeanes, In His Official
   Capacity As Clerk Of The Superior Court Of
27 Maricopa County, Arizona; and Deborah Young,
   In Her Official Capacity As Clerk Of The
28 Superior Court Of Coconino County, Arizona,

                          Defendants.

374643.1                                          23

1  STATE OF ARIZONA )
2  County of Maricopa  ) ss.

3      SHAWN K. AIKEN, after having been sworn upon his oath, states the following:

4      1.     I am a shareholder in the Phoenix, Arizona law firm of AIKEN SCHENK
5  HAWKINS & RICCIARDI P.C., the lead attorneys of record for Joseph Connolly and Terrel L.
6  Pochert; Suzanne Cummins and Holly N. Mitchell; Clark Rowley and David Chaney; R.
7  Mason Hite, IV and Christopher L. Devine; Meagan and Natalie Metz; Renee Kaminski and
8  Robin Reece; and, Jeffrey Ferst and Peter Bramley (collectively, "Plaintiffs"). Under
9  Fed.R.Civ.P. 54(d)(2) and LRCiv 54.2(d)(4) of the Local Rules of Practice of the United
10  States District Court for the District of Arizona, I submit this Affidavit in support of the
11  *Memorandum in Support of Plaintiffs' Motion for Award of Attorneys' Fees and Related Non-*
12  *Taxable Costs.*

13      2.     I assumed the lead role in this case and have personal knowledge of the legal
14  services rendered by AIKEN SCHENK HAWKINS & RICCIARDI P.C.

15      3.     All of the substantive work performed in this matter at AIKEN SCHENK
16  HAWKINS & RICCIARDI P.C. was performed by me and other attorneys or paralegals in our
17  firm under my direction.

18      4.     My principal areas of practice are business litigation, including especially
19  commercial tort and contract cases. I have been licensed to practice law since 1983.  My law
20  degree is from the Arizona State University College of Law (Tempe, Arizona) where I
21  graduated in 1983.  My hourly billing rate is $500.

22      5.     My associate Heather A. Macre's primary areas of practice are bankruptcy and
23  commercial litigation. She has been licensed to practice law in the State of Arizona since 2008.
24  Her law degree is from University of Florida Levin College of Law where she graduated *cum*
25  *laude* in 2005. Her hourly billing rate is $325.

26      6.     My associate William H. Knight's primary areas of practice are commercial
27  litigation, civil rights, and asset forfeiture defense. He has been licensed to practice law in the
28  *Connolly et. al. v. Roche et al.*                    2

1   State of Arizona since 2013. His law degree is from the Arizona State University Sandra Day

2   O'Connor College of Law, from where he graduated in 2013 *summa cum laude* and Order of

3   the Coif, 2nd in class. His hourly billing rate is $190.

4       7.    Our paralegal, Mary J. Quinn, holds a paralegal certificate from an ABA-

5   approved paralegal program and has practiced as a paralegal since May 1997. She was awarded

6   a Bachelor's Degree from Loyola University. Her hourly billing rate is $135.

7       8.    Paralegal Sonora Rose holds a paralegal certificate from an ABA-approved

8   paralegal program and has practiced as a paralegal since January 1995. She was awarded a

9   Bachelor's Degree in 1990 from Northern Arizona University.  Her hourly billing rate is $135.

10       9.    Finally, Kim Munoz, a paralegal certified through the National Association of

11   Legal Assistants (NALA), holds an Associate's Degree from Lamson College. She was

12   certified in an ABA-approved paralegal program and has practiced as a paralegal since

13   September 2005. Her hourly billing rate is $135.

14       10.    AIKEN SCHENK HAWKINS & RICCIARDI P.C. routinely employs a law clerk.  The

15   firm's law clerks are second- and third-year law students at the University of Arizona or

16   Arizona State University Colleges of Law who demonstrate superior academic credentials.

17       11.    The firm considers these billing rates to be reasonable. In setting our rates, we

18   consider the attorneys' and paralegals' ability, training, education, experience, skill, and

19   professional standing; the difficulty of the work performed; the time and skill required; the

20   responsibility imposed; and, the result obtained. I know that these hourly rates are comparable

21   to the hourly rates prevailing in the community for similar legal work.

22       12.    The attorneys and paralegals of AIKEN SCHENK HAWKINS & RICCIARDI P.C.

23   charged 782.80 hours on behalf of Plaintiffs in pursuing their claims against Defendants,

24   equaling $225,222, before the exercise of billing judgment. After the exercise of billing

25   judgment, my firm seeks no award for 298.70 hours charged or, in other words, fees in the

26   total amount of $61,418.50. As a result, my firm seeks an award for attorneys' fees on behalf of

27   Plaintiffs in the reduced amount of $179,017.50 for 582.7 hours of legal work.

28   *Connolly et. al. v. Roche et al.*        3

13.     Plaintiffs have also filed with this application my supporting itemized statement (and the attached Exh. A (Billing Statement)) describing the legal work by firm for which we seek an award in this matter ($179,017.50). The Billing Statement describes the work performed on a daily basis and the amount of the charge. The charge to the client is based upon the time recorded by the attorneys and paralegals for work performed on behalf of Plaintiffs. The amount of time expended is measured in tenths of hours. The itemized statement (Exhibit B) summarizes the fees that were undertaken by my firm in the prosecution of this case but for which my firm seeks no award ($61,418.50).

14.     Under an agreement between Plaintiffs and AIKEN SCHENK HAWKINS & RICCIARDI P.C., Plaintiffs engaged our firm to represent them in an action to overturn the State of Arizona's ban on same-sex marriage. Our firm agreed to represent Plaintiffs without charge but Plaintiffs also agreed that, if Plaintiffs prevailed, our firm would pursue an award of fees and other costs.

15.     In my opinion, the expenses and services set forth in the Billing Summary and Billing Statements (Exhibit A to the *Task-Based Itemized Statement of Attorneys' Fees and Costs in Support of Plaintiffs' Motion for Award of Attorneys' Fees Memorandum Supporting Documentation #3*) were actually, reasonably, and necessarily expended in the prosecution of the claims asserted in this action on behalf of Plaintiffs.

Shawn K. Aiken

SUBSCRIBED AND SWORN TO before me this 23rd day of July, 2015, by Shawn K. Aiken.

Notary Public

My Commission Expires:

May 15, 2016

OFFICIAL SEAL
DEANN M. BUCHMEIER
NOTARY PUBLIC - State of Arizona
MARICOPA COUNTY
My Comm. Expires May 15, 2016

*Connolly et. al. v. Roche et al.*                    4

# EXHIBIT 2

1  SHAWN K. AIKEN
2  2390 East Camelback Road, Suite 400
   Phoenix, Arizona 85016
   Telephone: (602) 248-8203
3  docket@ashrlaw.com
   ska@ashrlaw.com
4  ham@ashrlaw.com
   Shawn K. Aiken - 009002
5  Heather A. Macre - 026625

6  DILLON LAW OFFICE
   PO Box 97517
7  Phoenix, Arizona 85060
   Telephone: (480) 390-7974
8  dillonlaw97517@gmail.com
   Mark Dillon - 014393

9
   MIKKEL (MIK) JORDAHL P.C.
10 114 North San Francisco, Suite 206
   Flagstaff, Arizona 86001
11 Telephone: (928) 214-0942
   mikkeljordahl@yahoo.com
12 Mikkel Steen Jordahl – 012211

13 GRIFFEN & STEVENS
   LAW FIRM, PLLC
14 609 North Humphreys St.
   Flagstaff, Arizona 86001
15 Telephone: (928) 226-0165
   stevens@flagstaff-lawyer.com
16 Ryan J. Stevens – 026378

17 Attorneys for Plaintiffs

18              UNITED STATES DISTRICT COURT

19                  DISTRICT OF ARIZONA

20 Joseph Connolly and Terrel L. Pochert; Suzanne    Case No. 2:14-cv-00024-JWS
   Cummins and Holly N. Mitchell; Clark Rowley
21 and David Chaney; R. Mason Hite, IV and
   Christopher L. Devine; Meagan and Natalie          **MARK DILLON'S**
22 Metz; Renee Kaminski and Robin Reece; Jeffrey     **AFFIDAVIT IN SUPPORT**
   Ferst and Peter Bramley,                          **OF PLAINTIFFS' MOTION**
23                                                   **FOR AWARD OF**
                         Plaintiffs,                 **ATTORNEYS' FEES**
24 v.

25 Chad Roche, In His Official Capacity As Clerk
   Of The Superior Court Of Pinal County,
26 Arizona; Michael K. Jeanes, In His Official
   Capacity As Clerk Of The Superior Court Of
27 Maricopa County, Arizona; and Deborah Young,
   In Her Official Capacity As Clerk Of The
28 Superior Court Of Coconino County, Arizona,

                         Defendants.

28

STATE OF ARIZONA )
                 ) ss.
County of Maricopa )

MARK D. DILLON, after first being duly sworn upon his oath, deposes and states the following:

1.     I am the sole member of DILLON LAW OFFICE PLLC, one of the attorneys of record for Plaintiffs Joseph Connolly and Terrel L. Pochert; Suzanne Cummins and Holly N. Mitchell; Clark Rowley and David Chaney; R. Mason Hite, IV and Christopher L. Devine; Meagan and Natalie Metz; Renee Kaminski and Robin Reece; and, Jeffrey Ferst and Peter Bramley (collectively, "Plaintiffs").  Pursuant to Fed.R.Civ.P. 54(d)(2) and LRCiv 54.2(d)(4) of the Local Rules of Practice of the United States District Court for the District of Arizona, I submit this Affidavit as Supporting Documentation to Plaintiffs' Memorandum in Support of Motion for Award of Attorneys' Fees.

2.     I have been involved in this case and have personal knowledge of the legal services rendered by DILLON LAW OFFICE PLLC.

3.     All of the substantive work performed in this matter at DILLON LAW OFFICE PLLC. was performed by me, as part of a legal team headed by AIKEN SCHENK HAWKINS & RICCIARDI P.C., under the direction of Shawn K. Aiken.

4.     My principal areas of practice are business litigation, employment law, and contract cases. I have been licensed to practice law since 1992. My law degree is from Georgetown University Law Center, where I graduated *cum laude* in 1992.  My hourly billing rate is $340 for this matter. My contributions to the case at hand included, without limitation, participation in strategy discussions, legal research, and writing portions of the briefs.

5.     I consider my billing rate to be reasonable, given due consideration of the my ability, training, education, experience, skill, and professional standing, the intricacy and difficulty of the work performed, the time and skill required, the responsibility

imposed, and the result obtained.  My hourly rate is also comparable to the hourly rates prevailing in the community for similar work.

6.    I billed 78.0 hours on behalf of Plaintiffs in pursuing their claims against Defendants, equaling $26,520.00.  This total reflects significant downward adjustments and deletions of time spent on activities such as reviewing briefing and court decisions in other cases raising same-sex marriage issues throughout the United States, as well as reduction of time that might potentially be considered excessive.

7.    Submitted with this Affidavit is Mark Dillon's Task-Based Itemized Statement of Attorneys' Fees and Costs, the Exhibit A to which reflects charges billed by me on behalf of Plaintiffs for work done on this matter with a description of all time I recorded for work performed on behalf of Plaintiffs.  I have reviewed and approved the time and charges set forth therein. The amount of time expended is measured in tenths of hours, and included is a brief description of the work performed on a daily basis and the amount of the charges made for the time involved.

8.    Pursuant to an agreement between Plaintiffs and AIKEN SCHENK HAWKINS & RICCIARDI P.C., Plaintiffs have paid or agreed to pay the total charges of the itemized services set forth in Mark Dillon's Task-Based Itemized Statement of Attorneys' Fees and Costs.

///

///

9.    In my opinion, the services set forth in Mark Dillon's Task-Based Itemized Statement of Attorneys' Fees and Costs were actually, reasonably, and necessarily expended in the prosecution of the claims asserted in this matter on behalf of Plaintiffs.



Mark D. Dillon

FURTHER AFFIANT sayeth naught.

SUBSCRIBED AND SWORN TO before me this 27th day of October, 2014, by Mark D. Dillon.



Notary Public

My Commission Expires:

May 15, 2016

OFFICIAL SEAL
DEANN M. BUCHMEIER
NOTARY PUBLIC - State of Arizona
MARICOPA COUNTY
My Comm. Expires May 15, 2016

# EXHIBIT 3

1  SHAWN K. AIKEN
   2390 East Camelback Road, Suite 400
2  Phoenix, Arizona 85016
   Telephone: (602) 248-8203
3  docket@ashrlaw.com
   ska@ashrlaw.com
4  ham@ashrlaw.com
   Shawn K. Aiken - 009002
5  Heather A. Macre - 026625

6  DILLON LAW OFFICE
   PO Box 97517
7  Phoenix, Arizona 85060
   Telephone: (480) 390-7974
8  dillonlaw97517@gmail.com
   Mark Dillon - 014393
9
   MIKKEL (MIK) JORDAHL P.C.
10 114 North San Francisco, Suite 206
   Flagstaff, Arizona 86001
11 Telephone: (928) 214-0942
   mikkeljordahl@yahoo.com
12 Mikkel Steen Jordahl – 012211

13 GRIFFEN & STEVENS
   LAW FIRM, PLLC
14 609 North Humphreys St.
   Flagstaff, Arizona 86001
15 Telephone: (928) 226-0165
   stevens@flagstaff-lawyer.com
16 Ryan J. Stevens – 026378

17 Attorneys for Plaintiffs

18            UNITED STATES DISTRICT COURT

19              DISTRICT OF ARIZONA

20 Joseph Connolly and Terrel L. Pochert; Suzanne      Case No. 2:14-cv-00024-JWS
   Cummins and Holly N. Mitchell; Clark Rowley
21 and David Chaney; R. Mason Hite, IV and
   Christopher L. Devine; Meagan and Natalie          AFFIDAVIT OF MIKKEL
22 Metz; Renee Kaminski and Robin Reece; Jeffrey      JORDAHL IN SUPPORT OF
   Ferst and Peter Bramley,                           PLAINTIFFS' MOTION FOR
                                                      AWARD OF ATTORNEYS' FEES
23                        Plaintiffs,                 (MEMORANDUM SUPPORTING
                                                      DOCUMENTATION #4)
24 v.

25 Chad Roche, In His Official Capacity As Clerk
   Of The Superior Court Of Pinal County,
26 Arizona; Michael K. Jeanes, In His Official
   Capacity As Clerk Of The Superior Court Of
27 Maricopa County, Arizona; and Deborah Young,
   In Her Official Capacity As Clerk Of The
28 Superior Court Of Coconino County, Arizona,

                         Defendants.

STATE OF ARIZONA )
                 ) ss.
County of Coconino )

MIKKEL JORDAHL, after first being duly sworn upon his oath, deposes and states the following:

1.    I am the owner of Mikkel (Mik) Jordahl, P.C., an attorney of record for Plaintiffs Joseph Connolly and Terrel L. Pochert; Suzanne Cummins and Holly N. Mitchell; Clark Rowley and David Chaney; R. Mason Hite, IV and Christopher L. Devine; Meagan and Natalie Metz; Renee Kaminski and Robin Reece; and, Jeffrey Ferst and Peter Bramley (collectively, "Plaintiffs").    Pursuant to Fed.R.Civ.P. 54(d)(2) and LRCiv 54.2(d)(4) of the Local Rules of Practice of the United States District Court for the District of Arizona I submit this Affidavit as Supporting Documentation to Plaintiffs' Memorandum in Support of Motion for Award of Attorneys' Fees.

2.    I have been involved in this case and have personal knowledge of the time and efforts expended by Mikkel Jordahl in this case.

3.    My principal areas of practice are civil rights litigation, criminal law and family law. I have been licensed to practice law since 1988. My law degree is from University of Arizona College of Law where I graduated in 1988. Among other things, I have successfully represented inmates in enforcement of a federal court order in   class action lawsuit in Coconino County, and successfully represented begging persons in a 2013 federal court action that struck down Arizona's "Loitering to Beg" law.    My hourly billing rate is $300.

4.    The firm considers these billing rates to be reasonable, given due consideration of Mr. Jordahl's ability, training, education, experience, skill, and professional standing, the intricacy and difficulty of the work performed, the time and skill required, the responsibility imposed, and the result obtained.  These hourly rates are also comparable to the hourly rates prevailing in the community for similar work. (See attached Declaration of Attorney Robert VanWyck.)

2

5.    Mr. Jordahl claims 43.94 hours on behalf of Plaintiffs in pursuing their claims against Defendants, equaling $13,174.26.

6.    Attached to this affidavit as Exhibit A is a true and correct copy of a Detail Transaction File List ("Billing Statement") reflecting charges billed by my firm on behalf of Plaintiffs for work done on this matter, in which there is a description of all time recorded by the attorneys and paralegals for work performed on behalf of Plaintiffs. The amount of time expended is measured in tenths of hours, and included is a brief description of the work performed on a daily basis and the amount of the charges made for the time involved.

7.    Pursuant to an agreement between Plaintiffs and MIKKEL (MIK) JORDAHL, PC., Plaintiffs have paid or agreed to pay the total charges of the itemized services set forth in the Billing Statement attached hereto as Exhibit A.

8.    The total fees incurred by Mikkel (Mik) Jordahl, P.C. for Plaintiffs is $13,174.26.

9.    In my opinion, the expenses and services set forth in the Billing Summary and Billing Statements (Exhibit A) were actually, reasonably, and necessarily expended in the prosecution of the claims asserted in this matter on behalf of Plaintiffs.

Mikkel Jordahl

FURTHER AFFIANT sayeth naught.

SUBSCRIBED AND SWORN TO before me this ⎯⎯ day of October, 2014, by Mikkel Jordahl.

MELISSA D. CARROLL
Notary Public - State of Arizona
COCONINO COUNTY
My Commission Expires
May 21, 2015

Notary Public

3

# DECLARATION
## OF ATTORNEY ROBERT VAN WYCK

STATE OF ARIZONA          )
                          )      ss
County of Coconino        )

Robert VanWyck ,being first duly sworn, upon his oath, deposes and says

1. I am a licensed Arizona attorney having practiced in Arizona for the last thirty years.  I served as President of the State Bar of Arizona between 1997 and 1998, and as their Chief Bar Counsel from July of 2002 through December of 2008.

2. Except for the time I worked at the State Bar of Arizona,  I have practiced law mainly in Flagstaff and in Northern Arizona in the areas of civil litigation, family law, prosecution and civil rights since 1984.  I currently serve as a Superior Court Judge pro temp in Navajo County Superior Court and in the Flagstaff Justice Court.

3.  I have reviewed the applicable court rules, industry articles on professional earnings, including a recent comprehensive study just released by the State Bar of Arizona. This study is based on a survey of members, interviews and comparative analysis and is performed by the Bar every few years The survey found that the average hourly rate for attorneys in the State of Arizona is $255 per hour.  Based on my knowledge and experience, rates are somewhat lower in the Northern Arizona attorney market, but of course, the hourly rate varies according to the skill, reputation and number of years experience of the individual attorney.

4. I am very aware of the excellent skill and reputation of attorney Mikkel Jordahl. He has practiced law in Northern Arizona for the last twenty three years (since 1991) and I have known him that entire time.  I am aware of his skillful representation of the class of all inmates at the ancient Coconino County Jail against the local Sheriff and Coconino County in the early nineties.  Mik was able to convince Federal Court Magistrate Sitvers to hold Defendants  in contempt for failing to make progress on improvements in the jail as required by a federal court order.   The fine structure Mik thereafter negotiated and which was ultimately

imposed by the court resulted in the severe financial urgency for a bond referendum on building a jail. That bond election passed and now both inmates and the public benefit from a new state of the art jail.

In the past ten years Mik has advised and assisted inmates on civil rights concerns at the Coconino County Jail.   This includes assessing, advising and assisting in filing 42 USC 1983 inmates actions.

Mik has handled complex appellate issues, most recently in a gay civil rights family law issue which he argued in Division I of the Arizona Court of Appeals and in which he submitted briefs to the Arizona Supreme Court.

Mik is regularly recognized as a Top Fifty Pro Bono attorney by the State Bar of Arizona and by DNA Peoples Legal Services.

5. In my opinion the prevailing wage rate for an attorney of Mik's caliber and years of experience is between $250 and $350.00 per hour in particular in civil rights actions as there are less than a handful of local attorneys practicing in this area.

6. If I can be of further assistance, please contact me.

Executed on _____8 # 2 4_____, 2013.


_____
Robert VanWyck


SUBSCRIBED AND SWORN to before me this _2 4_ day of _September_,
2013 by Robert Van Wyck.

KELLIE SWARTZFAGER
Notary Public - State of Arizona
COCONINO COUNTY
My Commission Expires
January 31, 2017

_____
Notary Public

# EXHIBIT 4

1   SHAWN K. AIKEN
    2390 East Camelback Road, Suite 400
2   Phoenix, Arizona 85016
    Telephone: (602) 248-8203
3   docket@ashrlaw.com
    ska@ashrlaw.com
4   ham@ashrlaw.com
    Shawn K. Aiken - 009002
5   Heather A. Macre - 026625

6   DILLON LAW OFFICE
    PO Box 97517
7   Phoenix, Arizona 85060
    Telephone: (480) 390-7974
8   dillonlaw97517@gmail.com
    Mark Dillon - 014393
9
    MIKKEL (MIK) JORDAHL P.C.
10  114 North San Francisco, Suite 206
    Flagstaff, Arizona 86001
11  Telephone: (928) 214-0942
    mikkeljordahl@yahoo.com
12  Mikkel Steen Jordahl – 012211

13  GRIFFEN & STEVENS
    LAW FIRM, PLLC
14  609 North Humphreys St.
    Flagstaff, Arizona 86001
15  Telephone: (928) 226-0165
    stevens@flagstaff-lawyer.com
16  Ryan J. Stevens – 026378

17  Attorneys for Plaintiffs

18              UNITED STATES DISTRICT COURT

19                  DISTRICT OF ARIZONA

20  Joseph Connolly and Terrel L. Pochert; Suzanne    Case No. 2:14-cv-00024-JWS
    Cummins and Holly N. Mitchell; Clark Rowley
21  and David Chaney; R. Mason Hite, IV and
    Christopher L. Devine; Meagan and Natalie          AFFIDAVIT OF RYAN J.
22  Metz; Renee Kaminski and Robin Reece; Jeffrey      STEVENS IN SUPPORT OF
    Ferst and Peter Bramley,                           PLAINTIFFS' MOTION FOR
                                                       AWARD OF ATTORNEYS' FEES
23                              Plaintiffs,            (MEMORANDUM SUPPORTING
                                                       DOCUMENTATION #4)
24  v.

25  Chad Roche, In His Official Capacity As Clerk
    Of The Superior Court Of Pinal County,
26  Arizona; Michael K. Jeanes, In His Official
    Capacity As Clerk Of The Superior Court Of
27  Maricopa County, Arizona; and Deborah Young,
    In Her Official Capacity As Clerk Of The
28  Superior Court Of Coconino County, Arizona,

                               Defendants.

STATE OF ARIZONA    )
                    ) ss.
County of Coconino  )

RYAN J. STEVENS, after first being duly sworn upon his oath, deposes and states the following:

1.      I am a shareholder and managing member of the law firm GRIFFEN & STEVENS LAW FIRM, PLLC, the attorneys of record for Plaintiffs Joseph Connolly and Terrel L. Pochert; Suzanne Cummins and Holly N. Mitchell; Clark Rowley and David Chaney; R. Mason Hite, IV and Christopher L. Devine; Meagan and Natalie Metz; Renee Kaminski and Robin Reece; and, Jeffrey Ferst and Peter Bramley (collectively, "Plaintiffs").  Pursuant to Fed.R.Civ.P. 54(d)(2) and LRCiv 54.2(d)(4) of the Local Rules of Practice of the United States District Court for the District of Arizona I submit this Affidavit as Supporting Documentation to Plaintiffs' Memorandum in Support of Motion for Award of Attorneys' Fees.

2.      I have been involved in this case and have personal knowledge of the legal services rendered by GRIFFEN & STEVENS LAW FIRM, PLLC.

3.      All of the substantive work performed in this matter at GRIFFEN & STEVENS LAW FIRM, PLLC was performed by me. To the extent that work was performed by other attorneys or paralegals in our firm, it was performed under my express control and direction.

4.      My principal areas of practice are civil and criminal trial litigation. I have handled jury trials ranging from civil breach of contract to homicide, including federal jury trial work in Arizona. Prior to my private practice, I was a felony trial prosecutor for two (2) years. I have been licensed to practice law since 2008. My law degree is from William & Mary School of Law where I graduated in 2008.  My hourly billing rate is $350.00, but I have reduced it to $300.00 for this matter.

5.      The firm considers this billing rate to be reasonable, given due consideration of the attorney's ability, training, education, experience, skill, and professional standing, the intricacy and difficulty of the work performed, the time and skill required, the responsibility imposed, and the result obtained.  My hourly rate is also comparable to and/or competitive with the hourly rates prevailing in the community for similar work.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6.     GRIFFEN & STEVENS LAW FIRM, PLLC, through the work of attorney Ryan J. Stevens, billed 75.85 hours on behalf of Plaintiffs in pursuing their claims against Defendants, equaling $22,755.00, after discounts.

7.     Attached to this affidavit as Exhibit A is a true and correct copy of the Billing Statement & Invoice reflecting charges billed by GRIFFEN & STEVENS LAW FIRM, PLLC on behalf of Plaintiffs for work done on this matter, in which there is a description of all time recorded by the attorney for work performed on behalf of Plaintiffs. The amount of time expended is measured in tenths of hours, and included is a brief description of the work performed on a daily basis and the amount of the charges made for the time involved.

8.     Attached to this affidavit as Exhibit B is a table summarizing the fees and costs of each of the firms who represented Plaintiffs in the prosecution of this case.

9.     Pursuant to an agreement between Plaintiffs and GRIFFEN & STEVENS LAW FIRM, PLLC, Plaintiffs have paid or agreed to pay the total charges of the itemized services set forth in the Billing Statement attached hereto as Exhibit A.

10.    The total expenses incurred in this action by Plaintiffs at GRIFFEN & STEVENS LAW FIRM, PLLC are being waived by the GRIFFEN & STEVENS LAW FIRM, PLLC, and therefore no expenses or costs are being billed by GRIFFEN & STEVENS LAW FIRM, PLLC.

11.    In my opinion, the expenses and services set forth in the Billing Statement & Invoice (Exhibit A) were actually, reasonably, and necessarily expended in the prosecution of the claims asserted in this matter on behalf of Plaintiffs.

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

1

Ryan J. Stevens

2

3        FURTHER AFFIANT sayeth naught.

4        SUBSCRIBED AND SWORN TO before me this 17th day of November, 2014, by Ryan

5    J. Stevens.

6                                          Notary Public (Formerly Known as Angele
                                           Pouquette)

7    My Commission Expires:

8    ___11/14/2015___

9                                          ANGELE POUQUETTE
                                           Notary Public - State of Arizona
                                           COCONINO COUNTY
                                           My Commission Expires
                                           November 14, 2015

     DATED: November 17th, 2014.          By /s/ Ryan J. Stevens – 026378
10                                             Ryan J. Stevens
                                               GRIFFEN & STEVENS LAW FIRM, PLLC
11                                             609 North Humphreys Street
                                               Flagstaff, Arizona 86001
12                                             Attorneys for Plaintiffs

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



## GRIFFEN & STEVENS
—— LAW FIRM, PLLC ——

# BILLING STATEMENT & INVOICE

**(FEDERAL EIN # 45-4807148)**
Ryan J. Stevens, Managing Attorney
609 N. Humphreys Street
Flagstaff, Arizona 86001
TEL: (928) 226-0165 | stevens@flagstaff-lawyer.com

INVOICE #14-1610

**DATE RANGE:** 01/16/2014 THROUGH 10/22/2014

**FOR:**
Legal Services in *Connolly v. Roche*
U.S. District Court, District of Arizona
Case # 2:14-cv-00024-JWS

| DESCRIPTION OF LEGAL SERVICES | HOURS | RATE | AMOUNT |
|---|---|---|---|
| **01/16/2014 –** Travel to Tempe for meeting and conference with atty Aiken regarding amended complaint, goals of the case, and role in litigation | 2.50 | $300/hour | $750.00 |
| **01/18/2014 –** Review of email from atty Aiken discussing possible adoption allegations and ACLU position; legal research on adoption allegations as may relate to plaintiffs Meagn and Natalie | 0.80 | $300/hour | $240.00 |
| **01/18/2014 –** Receipt, review, and reply re: multiple emails with atty Aiken re: plaintiffs Meagan and Natalie and possibility of amending portions of complaint; follow-up research on nominal damages | 1.00 | $300/hour | $300.00 |
| **01/21/2014 –** Review of *Smithkline Beechum* decision by Ninth Circuit, published today, to use in amended complaint re: heightened scrutiny | 1.10 | $300/hour | $330.00 |
| **01/22/2014 –** Meeting with atty Jordahl re: sovereignty legal research to share with atty Aiken *et al.* and discussion of new potential Flagstaff plaintiffs | 0.70 | $300/hour | $210.00 |
| **01/22/2014 –** Review emails and memo on sovereign immunity; legal research on other states' litigation on the sovereign immunity issue | 0.60 | $300/hour | $180.00 |
| **01/22/2014 –** Review amended complaint via email from atty Aiken | 2.00 | $300/hour | $600.00 |
| **01/23/2014 –** Review of email from atty Aiken re: telephone conference with opposing counsel; review of email from atty Aiken re: defense counsel possibly filing a MTD one of the defendants | 0.20 | $300/hour | $60.00 |
| **01/23/2014 –** Review of email from atty Aiken re: confirming time frames with opposing counsel | 0.10 | $300/hour | $30.00 |
| **01/23/2014 –** Meeting with potential plaintiffs Renee and Robin and atty Jordahl re: their desire to be plaintiffs, assist with draft memo to atty Aiken | 1.70 | $300/hour | $510.00 |

| | | | |
|---|---|---|---|
| **01/23/2014 –** Receive, review, and reply re: multiple emails with atty Aiken and team re: new Flagstaff plaintiffs Renee and Robin | 0.30 | $300/hour | $90.00 |
| **01/24/2014 –** Further legal research re: sovereign immunity, discussions with atty Jordahl, review email to atty Aiken and team | 0.60 | $300/hour | $180.00 |
| **01/24/2014 –** Meeting with and then accompany plaintiffs Robin and Renee to court clerk's office for application | 0.50 | $300/hour | $150.00 |
| **01/25/2014 –** Travel to Phoenix for team meeting; meeting of plaintiffs; meeting of attorneys; discussion/conference re: strategy, time frames, deadlines | 3.50 | $300/hour | $1,050.00 |
| **01/27/2014 –** Telephone call to Atty Jordahl re: drafting descriptions of Flagstaff plaintiffs for Complaint | 0.10 | $300/hour | $30.00 |
| **01/27/2014 –** Review of current working draft of amended complaint; receipt/review/reply re: emails re: the amended complaint | 2.50 | $300/hour | $750.00 |
| **01/27/2014 –** Review of brief by ACLU and LAMBDA re: memorandum on current status of law re: same-sex adoptions | 0.50 | $300/hour | $150.00 |
| **01/28/2014 –** Finalize and incorporate previous drafts of Plaintiffs' section for Meagan and Natalie | 0.90 | $300/hour | $270.00 |
| **01/28/2014 –** Prepare and send edits to Plaintiffs' section for Renee and Robin, forward to atty Jordahl | 0.30 | $300/hour | $90.00 |
| **01/28/2014 –** Receipt/review of emails re: dismissing defendants Horne and Brewer from amended complaint; further legal research on sovereign immunity | 0.50 | $300/hour | $150.00 |
| **01/29/2014 –** Review of agenda re: email from atty Aiken in preparation for conference call | 0.10 | $300/hour | $30.00 |
| **01/29/2014 –** Receipt/review, and legal research on, re: *Sevcik* brief from coalition for protection of marriage to anticipate defendant arguments | 1.40 | $300/hour | $420.00 |
| **02/03/2014 –** Review updated draft of amended complaint | 1.10 | $300/hour | $330.00 |
| **02/04/2014 –** Review of co-counsel Dillon's comments and edits to amended complaint | 0.30 | $300/hour | $90.00 |
| **02/05/2014 –** Receipt/review of multiple emails re: atty Bovee's comments on amended complaint | 0.20 | $300/hour | $60.00 |
| **02/06/2014 –** Meet with atty Jordahl, brief Natalie and Meagan regarding applying for marriage license, go to Clerk of Court and observe rejection | 0.50 | $300/hour | $150.00 |
| **02/06/2014 –** Receipt/review of ACLU email to plaintiff legal team re: comments on amended complaint | 0.20 | $300/hour | $60.00 |

| | | | |
|---|---|---|---|
| **02/06/2014** – Receipt/review of amended complaint, version 9 | 1.00 | $300/hour | $300.00 |
| **02/10/2014** – Receipt/review of amended complaint, version 11, final review prior to filing | 0.30 | $300/hour | $90.00 |
| **02/12/2014** – Receipt/review of email notes re: DeAnn's discussion with Judge Sedwick's judicial assistant | 0.10 | $300/hour | $30.00 |
| **02/14/2014** – Tele-conference with plaintiffs and legal team with updates about the case | 0.20 | $300/hour | $60.00 |
| **02/21/2014** – Tele-conference with plaintiffs and legal team with updates about the case | 0.20 | $300/hour | $60.00 |
| **02/24/2014** – Receipt/review of Answer by defendants to amended complaint | 2.50 | $300/hour | $750.00 |
| **02/25/2014** – Review of email re: HB2481 | 0.10 | $300/hour | $30.00 |
| **02/25/2014** – Receipt/review/reply re: comments of atty Bovee, atty Aiken, and atty Jordahl re: Robin Reece affidavit | 0.30 | $300/hour | $90.00 |
| **02/28/2014** – Receipt/review of email from atty Knight re: compendium and other issues | 0.10 | $300/hour | $30.00 |
| **03/05/2014** – Legal research for first draft of due process argument re: motion for summary judgment | 2.50 | $300/hour | $750.00 |
| **03/11/2014** – Substantive drafting of first draft of due process argument for MFSJ | 3.00 | $300/hour | $900.00 |
| **03/12/2014** – Finalized first draft of due process argument and emailed to atty Macre and atty Jordahl | 1.30 | $300/hour | $390.00 |
| **03/13/2014** – Receipt/review of edits by atty Jordahl to due process argument | 0.50 | $300/hour | $150.00 |
| **03/13/2014** – Receipt/review of Joe and Terry declarations | 0.30 | $300/hour | $90.00 |
| **03/17/2014** – Receipt/review of Amended Answer by defendants to amended complaint | 1.50 | $300/hour | $450.00 |
| **03/20/2014** – Receipt/review of atty Macre's draft of due process argument | 1.80 | $300/hour | $540.00 |
| **03/25/2014** – Completion of draft 4 of due process argument, emailed to attys Macre and Jordahl | 2.00 | $300/hour | $600.00 |
| **03/26/2014** – Receipt/review of task list for legal team from atty Macre | 0.10 | $300/hour | $30.00 |
| **03/27/2014** – Receipt/review of transcripts of floor debates from atty Knight | 1.50 | $300/hour | $450.00 |
| **03/27/2014** – Receipt/review of final compendium of Arizona laws affected by marriage discrimination laws from atty Knight | 2.80 | $300/hour | $840.00 |
| **03/28/2014** – Tele-conference with legal team and plaintiffs with updates and strategy | 0.10 | $300/hour | $30.00 |
| **03/31/2014** – Receipt/review of joint case status report | 0.20 | $300/hour | $60.00 |

| | | | |
|---|---|---|---|
| **04/01/2014** – Review of parallel Arizona lawsuit filed by LAMBDA for purpose of improving our lawsuit | 1.00 | $300/hour | $300.00 |
| **04/04/2014** – Receipt/review of client update email from atty Aiken | 0.10 | $300/hour | $30.00 |
| **04/05/2014** – Review and legal research re: motion to consolidate filed by LAMBDA | 1.40 | $300/hour | $420.00 |
| **04/11/2014** – Receipt/review of atty Aiken's draft of response to motion to consolidate | 0.20 | $300/hour | $60.00 |
| **04/15/2014** – Receipt/review of orders by the Court re: consolidation and summary judgment deadlines | 0.20 | $300/hour | $60.00 |
| **04/19/2014** – Receipt/review of plaintiff team's draft of MFSJ and SOF by email from atty Knight, comments via email | 3.00 | $300/hour | $900.00 |
| **05/20/2014** – Review and discussion re: Pennsylvania federal order striking marriage ban | 1.50 | $300/hour | $450.00 |
| **06/06/2014** – Conference call re: tasks for anticipated response on MSJ and possible cross MSJ | 0.50 | $300/hour | $150.00 |
| **06/10/2014** – Receipt/review of defendants' response to MSJ and controverting SOF | 2.00 | $300/hour | $600.00 |
| **06/12/2014** – Expedited review of defendants' numerous exhibits to MSJ response and defendants' SOF | 4.00 | $300/hour | $1,200.00 |
| **06/13/2014** – Receipt/review of email from atty Ely | 0.10 | $300/hour | $30.00 |
| **06/15/2014** – Legal research re: responding to motion for stay by defendants | 1.50 | $300/hour | $450.00 |
| **06/17/2014** – Legal research re: responding to Defendants' claims re: prisoner/inmate's right to marry | 2.10 | $300/hour | $630.00 |
| **06/18/2014** – Draft of legal argument re: responding to Defendants' claims re: prisoner/inmate's right to marry and email the same to legal team | 1.90 | $300/hour | $570.00 |
| **06/25/2014** – Drafting of response to motion for stay, email the same to atty Macre and team | 1.25 | $300/hour | $375.00 |
| **06/27/2014** – Receipt/review of plaintiff legal team's response to motion for judgment on the pleadings regarding nominal damages | 1.00 | $300/hour | $300.00 |
| **06/30/2014** – Meeting with atty Jordahl and Plaintiff Meagan Metz, go to County Clerk's office to observe application for convent marriage conversion, draft supplemental declaration, discussion with co-counsel via email | 1.90 | $300/hour | $570.00 |
| **07/01/2014** – Review defendants' objection to filing video statements of plaintiffs | 0.20 | $300/hour | $60.00 |
| **07/21/2014** – Receipt/review of defendants' reply re: cross motion for summary judgment | 1.20 | $300/hour | $360.00 |
| **10/07/2014** – Review of *Latta* opinion by Ninth Circuit | 1.50 | $300/hour | $450.00 |

| | | | |
|---|---|---|---|
| **10/09/2014** – Receipt/review/reply to legal team emails re: how to address *Latta* in our case | 0.20 | $300/hour | $60.00 |
| **10/12/2014** – Review and editing of Plaintiffs' draft of court-invited memorandum discussing effect of *Latta* on this case | 1.50 | $300/hour | $450.00 |
| **10/12/2014** – Legal research on standing and emails to legal team with results of research regarding court-invited memorandum discussing effect of *Latta* on this case | 1.00 | $300/hour | $300.00 |
| **TOTAL HOURS:** | 75.85 | **TOTAL FEES:** | $22,755.00 |

| COSTS AND EXPENSES | AMOUNT |
|---|---|
| Copying costs, legal research service subscriptions, etc. | Waived |
| **TOTAL COSTS & EXPENSES REQUESTED:** | **$0.00** |

| | |
|---|---|
| TOTAL LEGAL FEES: | $22,755.00 |
| TOTAL EXPENSES: | $0.00 |
| PREVIOUS BALANCE DUE: | $0.00 |
| INTEREST DUE: | $0.00 |
| SUBTOTAL: | $0.00 |
| PAYMENTS FROM TRUST: | ($0.00) |

| | |
|---|---|
| **TOTAL BALANCE DUE:** | **$22,755.00** |

Please make checks payable to:

**GRIFFEN & STEVENS LAW FIRM, PLLC**
609 N. Humphreys Street
Flagstaff, AZ 86001

**EIN # 45-4807148**

*Thank you.*

# EXHIBIT 5

1   SHAWN K. AIKEN
    2390 East Camelback Road, Suite 400
2   Phoenix, Arizona 85016
    Telephone: (602) 248-8203
3   docket@ashrlaw.com
    ska@ashrlaw.com
4   ham@ashrlaw.com
    Shawn K. Aiken - 009002
5   Heather A. Macre - 026625

6   DILLON LAW OFFICE
    PO Box 97517
7   Phoenix, Arizona 85060
    Telephone: (480) 390-7974
8   dillonlaw97517@gmail.com
    Mark Dillon - 014393

9
    MIKKEL (MIK) JORDAHL P.C.
10  114 North San Francisco, Suite 206
    Flagstaff, Arizona 86001
11  Telephone: (928) 214-0942
    mikkeljordahl@yahoo.com
12  Mikkel Steen Jordahl – 012211

13  GRIFFEN & STEVENS
    LAW FIRM, PLLC
14  609 North Humphreys St.
    Flagstaff, Arizona 86001
15  Telephone: (928) 226-0165
    stevens@flagstaff-lawyer.com
16  Ryan J. Stevens – 026378

17  Attorneys for Plaintiffs

18                  UNITED STATES DISTRICT COURT

19                      DISTRICT OF ARIZONA

20  Joseph Connolly and Terrel L. Pochert; Suzanne      Case No. 2:14-cv-00024-JWS
    Cummins and Holly N. Mitchell; Clark Rowley
21  and David Chaney; R. Mason Hite, IV and
    Christopher L. Devine; Meagan and Natalie           AFFIDAVIT OF ELLEN K. AIKEN
22  Metz; Renee Kaminski and Robin Reece; Jeffrey       IN SUPPORT OF PLAINTIFFS'
    Ferst and Peter Bramley,                            MOTION FOR AWARD OF
                                                        ATTORNEYS' FEES
23                        Plaintiffs,                   (MEMORANDUM SUPPORTING
    v.                                                  DOCUMENTATION #4)
24
    Chad Roche, In His Official Capacity As Clerk
25  Of The Superior Court Of Pinal County,
    Arizona; Michael K. Jeanes, In His Official
26  Capacity As Clerk Of The Superior Court Of
    Maricopa County, Arizona; and Deborah Young,
27  In Her Official Capacity As Clerk Of The
    Superior Court Of Coconino County, Arizona,
28
                        Defendants.

1   ///

2   ///

3   ///

4   STATE OF ARIZONA )
                   ) ss.

5   County of Maricopa  )

6

       ELLEN K. AIKEN, after first being duly sworn upon her oath, deposes and states the

7   following:

8       1.    I am an associate at the law firm, SACKS TIERNEY, P.A. I assisted with drafting

9   pleadings and conducting legal research for this case. Pursuant to Fed.R.Civ.P. 54(d)(2) and

10   LRCiv 54.2(d)(4) of the Local Rules of Practice of the United States District Court for the

11   District of Arizona, I submit this Affidavit as Supporting Documentation to Plaintiffs'

12   Memorandum in Support of Motion for Award of Attorneys' Fees.

13       2.    I have been involved in this case and have personal knowledge of the legal

14   services rendered.

15       3.    My principal area of practice is family law. I have been licensed to practice law

16   since 2011. My law degree is from University of Arizona College of Law where I graduated

17   in 2011. My hourly billing rate is $215, but has been reduced to $200 for this matter.

18       4.    This billing rate is reasonable, given due consideration of my ability, training,

19   education, experience, skill, and professional standing, the intricacy and difficulty of the work

20   performed, the time and skill required, the responsibility imposed, and the result obtained.

21   This hourly rate is also comparable to the hourly rates prevailing in the community for similar

    work.

22

       **5.    I billed 55 hours on behalf of Plaintiffs in pursuing their claims against**

23   **Defendants, equaling $11,000.**

24       6.    Attached to this affidavit as Exhibit A is a true and correct copy of a Detail

25   Transaction File List ("Billing Statement") reflecting charges billed by me on behalf of

26   Plaintiffs for work done on this matter, in which there is a description of all time recorded for

27   work performed on behalf of Plaintiffs. The amount of time expended is measured in tenths

28   of hours, and included is a brief description of the work performed on a daily basis and the

amount of the charges made for the time involved.

7.     Pursuant to an agreement between Plaintiffs and AIKEN SCHENK HAWKINS & RICCIARDI P.C., Plaintiffs have paid or agreed to pay the total charges of the itemized services set forth in the Billing Statement attached hereto as Exhibit A.

8.     The total fees incurred in this action by Plaintiffs and billed by Ellen Aiken of SACKS TIERNEY, P.A. equal $**11,000**.

9.     In my opinion, the expenses and services set forth in the Billing Summary and Billing Statements (Exhibit A) were actually, reasonably, and necessarily expended in the prosecution of the claims asserted in this matter on behalf of Plaintiffs.

Ellen K. Aiken
_____
Ellen K. Aiken

FURTHER AFFIANT sayeth naught.

SUBSCRIBED AND SWORN TO before me this 21ˢᵗ day of October, 2014, by Ellen K. Aiken.


_____
Notary Public

My Commission Expires;

_____

SILVIA MIRANDA
Notary Public - State of Arizona
MARICOPA COUNTY
My Commission Expires
October 14, 2016

3                                                        51

| DATE | | DESCRIPTION | TIME | AMOUNT |
|---|---|---|---|---|
| 1/17/2014 | EKA | Meeting with legal team to discuss timeline and litigation strategy. | 2.00 | 400.00 |
| 3/9/2014 | EKA | Met with Plaintiffs, Joe Connolly and Terry Pochert, to discuss declaration drafts. | 1.50 | 300.00 |
| 3/9/2014 | EKA | Reviewed and revised declarations and emailed revised drafts to Mr. Connolly and Mr. Pochert. | 2.20 | 440.00 |
| 3/14/2014 | EKA | Made final revisions to Joe Connollly and Terry Pochert declarations. | 0.50 | 100.00 |
| 4/13/2014 | EKA | Reviewed and revised case and statute citations in Memorandum of Law in support of Plaintiffs' Motion for Summary Judgment. | 15.00 | 3,000.00 |
| 4/19/2014 | EKA | Proofread Statement of Facts in support of Plaintiffs' Motion for Summary Judgment. | 2.00 | 400.00 |
| 4/19/2014 | EKA | Proofread Memorandum of Law in support of Plaintiffs' Motion for Summary Judgment. | 1.50 | 300.00 |
| 5/8/2014 | EKA | Conference call with legal team to discuss individuals sections of Motion for Summary Judgment. | 0.50 | 100.00 |
| 5/31/2014 | EKA | Conducted legal research and drafted brief memo regarding Motion for Summary Judgment. | 6.50 | 1,300.00 |
| 6/15/2014 | EKA | Conducted legal research regarding recognition and standing issues for Reply in support of Motion for Summary Judgment. | 3.50 | 700.00 |
| 6/25/2014 | EKA | Finished first draft of standing/marriage recognition section of Reply and sent to Heather Macre for review. | 2.00 | 400.00 |
| 6/26/2014 | EKA | Continued to conduct legal research, draft, and revise standing/marriage recognition section. | 2.00 | 400.00 |
| 6/27/2014 | EKA | Made additional revisions to standing/marriage recognition section of Reply. | 1.50 | 300.00 |
| 6/29/2014 | EKA | | 3.00 | 600.00 |
| | | Conducted legal research and reviewed case law regarding marriage recognition as fundamental right and related states' interests arguments. | | |
| 6/29/2014 | EKA | Revised standing and marriage recognition section and emailed draft to Shawn Aiken.  Revised argument to reflect conversion to covenant marriage facts. | 3.50 | 700.00 |
| 6/30/2014 | EKA | Conducted legal research (.7) and revised standing section to include additional legal argument (.5). | 1.20 | 240.00 |
| 6/30/2014 | EKA | Made further revisions to standing section (.7) and conducted additional legal research per comments from Shawn Aiken (1.5). | 2.20 | 440.00 |
| 6/30/2014 | EKA | Reviewed additional relevant case law (1.5) and emailed revisions and summary of findings to legal team. | 1.70 | 340.00 |
| 6/30/2014 | EKA | Revised standing section (.7); reviewed case law regarding additional standing argumentsa nd summarized findings in an email to Shawn Aiken (2.0). | 2.70 | 540.00 |
| | | **TOTAL** | **55.00** | **11,000.00** |

# EXHIBIT 6

1 | SHAWN K. AIKEN
2390 East Camelback Road, Suite 400
2 | Phoenix, Arizona 85016
Telephone: (602) 248-8203
3 | docket@ashrlaw.com
ska@ashrlaw.com
ham@ashrlaw.com
4 | Shawn K. Aiken - 009002
Heather A. Macre - 026625
5

6 | DILLON LAW OFFICE
PO Box 97517
7 | Phoenix, Arizona 85060
Telephone: (480) 390-7974
dillonlaw97517@gmail.com
8 | Mark Dillon - 014393

9 | MIKKEL (MIK) JORDAHL P.C.
114 North San Francisco, Suite 206
10 | Flagstaff, Arizona 86001
Telephone: (928) 214-0942
11 | mikkeljordahl@yahoo.com
Mikkel Steen Jordahl – 012211

12 | GRIFFEN & STEVENS
LAW FIRM, PLLC
13 | 609 North Humphreys St.
Flagstaff, Arizona 86001
14 | Telephone: (928) 226-0165
stevens@flagstaff-lawyer.com
15 | Ryan J. Stevens – 026378

16 | *Attorneys for Plaintiffs*

17 | **UNITED STATES DISTRICT COURT**

18 | **DISTRICT OF ARIZONA**

19 | Joseph Connolly and Terrel L. Pochert; Suzanne Cummins and Holly N. Mitchell; Clark Rowley and David Chaney; R. Mason Hite, IV and
20 | Christopher L. Devine; Meagan and Natalie Metz; Renee Kaminski and Robin Reece; Jeffrey
21 | Ferst and Peter Bramley,

22 | Plaintiffs,
v.

23 | Chad Roche, In His Official Capacity As Clerk Of The Superior Court Of Pinal County,
24 | Arizona; Michael K. Jeanes, In His Official Capacity As Clerk Of The Superior Court Of
25 | Maricopa County, Arizona; and Deborah Young, In Her Official Capacity As Clerk Of The
26 | Superior Court Of Coconino County, Arizona,

27 | Defendants.

Case No. 2:14-cv-00024-JWS

**SEPARATE STATEMENT OF SHAWN K. AIKEN REGARDING STATEMENT OF CONSULTATION IN SUPPORT OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES (MEMORANDUM SUPPORTING DOCUMENTATION #1)**

28

374640.1

54

1  STATE OF ARIZONA )
                     ) ss.
2  County of Maricopa )

3       SHAWN K. AIKEN, after first being duly sworn upon his oath, states the following:

4       1.     I am a shareholder of the law firm AIKEN SCHENK HAWKINS & RICCIARDI P.C.,

5  the lead attorneys of record for Plaintiffs Joseph Connolly and Terrel L. Pochert; Suzanne

6  Cummins and Holly N. Mitchell; Clark Rowley and David Chaney; R. Mason Hite, IV and

7  Christopher L. Devine; Meagan and Natalie Metz; Renee Kaminski and Robin Reece; and,

8  Jeffrey Ferst and Peter Bramley (collectively, "Plaintiffs"). Under Fed.R.Civ.P. 54(d)(2) and

9  LRCiv 54.2(d)(1) of the Local Rules of Practice of the United States District Court for the

10 District of Arizona, I submit this *Separate Statement of Consultation as Supporting*

11 *Documentation to Plaintiffs' Memorandum in Support of Motion for Award of Attorneys' Fees.*

12      2.     I certify that, after personal consultation and good faith efforts to do so, the

   parties have been unable to satisfactorily resolve all disputed issues relating to attorneys' fees.

13      3.     The parties' consultation took place between October 30, 2014, and November

14 30, 2014.

15      4.     On November 12, 2014, I sent Kathleen Sweeney a complete draft of our fee

16 application and related materials via the U.S. Mail. On May 20, 2015, I called Ms. Sweeney

17 about questions or comments her office might have concerning the application. On July 22,

18 2015, we spoke again about our proposed application. We agreed that we should proceed.

19      5.     The names of the participating attorneys are as follows: Shawn K. Aiken,

20 Heather A. Macre, William H. Knight, Ellen Aiken, Mark Dillon, Ryan Stevens, Mikkel

21 Jordahl and Kathleen Sweeney. My consultation has been on behalf of the entire legal team

22 for the Plaintiffs and with their consent.

23                                        Shawn K. Aiken

24 SUBSCRIBED AND SWORN TO before me this 23rd day of July, 2015, by Shawn K. Aiken.

25
                                          Notary Public
26 My Commission Expires:        OFFICIAL SEAL
                                 DEANN M. BUCHMEIER
27 May 15, 2016                  NOTARY PUBLIC - State of Arizona
                                 MARICOPA COUNTY
28                               My Comm. Expires May 15, 2016

                                          2

374640.1                                                                    55

# EXHIBIT 7

1   SHAWN K. AIKEN
    2390 East Camelback Road, Suite 400
2   Phoenix, Arizona 85016
    Telephone: (602) 248-8203
3   docket@ashrlaw.com
    ska@ashrlaw.com
4   ham@ashrlaw.com
    Shawn K. Aiken - 009002
5   Heather A. Macre - 026625

6   DILLON LAW OFFICE
    PO Box 97517
7   Phoenix, Arizona 85060
    Telephone: (480) 390-7974
8   dillonlaw97517@gmail.com
    Mark Dillon - 014393

9
    MIKKEL (MIK) JORDAHL P.C.
10  114 North San Francisco, Suite 206
    Flagstaff, Arizona 86001
11  Telephone: (928) 214-0942
    mikkeljordahl@yahoo.com
12  Mikkel Steen Jordahl - 012211

13  GRIFFEN & STEVENS
    LAW FIRM, PLLC
14  609 North Humphreys St.
    Flagstaff, Arizona 86001
15  Telephone: (928) 226-0165
    stevens@flagstaff-lawyer.com
16  Ryan J. Stevens – 026378

17  *Attorneys for Plaintiffs*

18              UNITED STATES DISTRICT COURT

                   DISTRICT OF ARIZONA
19

20  Joseph Connolly and Terrel L. Pochert; Suzanne        Case No. 2:14-cv-00024-JWS
    Cummins and Holly N. Mitchell; Clark Rowley
21  and David Chaney; R. Mason Hite, IV and
    Christopher L. Devine; Meagan and Natalie             **FEE AGREEMENTS IN SUPPORT**
22  Metz; Renee Kaminski and Robin Reece; Jeffrey         **OF PLAINTIFFS' MOTION FOR**
    Ferst and Peter Bramley,                              **AWARD OF ATTORNEYS' FEES**
23                                                        **(MEMORANDUM SUPPORTING**
                           Plaintiffs,                    **DOCUMENTATION #2)**
24  v.

25  Chad Roche, In His Official Capacity As Clerk
    Of The Superior Court Of Pinal County,
26  Arizona; Michael K. Jeanes, In His Official
    Capacity As Clerk Of The Superior Court Of
27  Maricopa County, Arizona; and Deborah Young,
    In Her Official Capacity As Clerk Of The
28  Superior Court Of Coconino County, Arizona,

                           Defendants.

STATE OF ARIZONA )
                 ) ss.
County of Maricopa )

SHAWN K. AIKEN, after first being sworn upon his oath, states the following:

I am a shareholder in the law firm of AIKEN SCHENK HAWKINS & RICCIARDI P.C., the lead attorneys of record for Plaintiffs Joseph Connolly and Terrel L. Pochert; Suzanne Cummins and Holly N. Mitchell; Clark Rowley and David Chaney; R. Mason Hite, IV and Christopher L. Devine; Meagan and Natalie Metz; Renee Kaminski and Robin Reece; and, Jeffrey Ferst and Peter Bramley (collectively, "Plaintiffs"). Under Fed.R.Civ.P. 54(d)(2) and LRCiv 54.2(d)(2) of the Local Rules of Practice of the United States District Court for the District of Arizona, I submit a copy of the fee agreements between (a) my firm and Joe Connolly and Terry Pochert; and, (b) Flagstaff attorneys Ryan Stevens and Mik Jordahl, on the one hand, and their clients Meagan Metz, Natalie Metz, Renee Kaminski, and Robin Reece (*see* Exh. A) in support of the *Memorandum in Support of Plaintiffs' Motion for Award of Attorneys' Fees and Related Non-Taxable Costs*.

Shawn K. Aiken

SUBSCRIBED AND SWORN TO before me this 23rd day of July, 2015, by Shawn K. Aiken.

Notary Public

My Commission Expires:

May 15, 2016

OFFICIAL SEAL
DEANN M. BUCHMEIER
NOTARY PUBLIC - State of Arizona
MARICOPA COUNTY
My Comm. Expires May 15, 2016

**AGREEMENT FOR LEGAL SERVICES
BETWEEN SHAWN AIKEN AND
JOSEPH CONNOLLY AND TERREL POCHERT**

**READ THIS CONTRACT COMPLETELY. DO NOT SIGN THIS AGREEMENT OR
INITIAL ANY PAGE WITHOUT FIRST READING THE AGREEMENT. YOUR
SIGNATURE AND INITIALS WILL BE AN ACKNOWLEDGMENT THAT YOU HAVE
READ AND UNDERSTOOD ALL THE TERMS OF THIS CONTRACT AND THAT
ALL BLANKS WERE FILLED IN PRIOR TO YOUR SIGNING THIS AGREEMENT.**

     1.    **PARTIES**. The parties to this Agreement for Legal Services ("Agreement") are Shawn Aiken ("Attorney" or "We") and JOSEPH CONNOLLY and TERREL POCHERT ("Client" or "You").

     2.    **SCOPE OF AGREEMENT**. Client hires Attorney and Attorney agrees to represent Client in connection with an action in the federal district court to overturn the State of Arizona's ban on same-sex marriage. Attorney agrees to represent Client and a class of others similarly situated.

     3.    **PURPOSE OF THE AGREEMENT**. This Agreement confirms the terms upon which Attorney will perform legal services for Client.

     4.    **DUTIES OF ATTORNEYS**. Attorney shall take all steps in connection with the matter described in ¶ 2, above, which in the opinion of Attorney are required to protect or advance the interests of Client. Attorney shall keep Client informed of work done on Client's behalf. Attorney shall send Client copies of all significant pleadings and correspondence. Client agrees Attorney will not perform any service or legal representation which would result in a violation of the Rules of Professional Conduct.

     5.    **DUTIES OF CLIENT**. Client agrees to review promptly all materials sent to Client by Attorney. Client shall promptly bring to the attention of Attorney any inquiries, complaints, or misunderstandings. Client's duties in this regard include the duty to review all monthly billings and bring any errors or questions to the attention of Attorney at the earliest time possible. Client agrees to cooperate fully with Attorney, including providing information and documents requested in a timely fashion, assisting in discovery, disclosure and trial preparation, cooperating in scheduling, responding to telephone calls and correspondence in a timely manner, and informing Attorney of changes in Client's address and telephone numbers. Client's failure to cooperate fully as set forth within this paragraph authorizes Attorney to withdraw from representing Client.

     6.    **NOTICE OF UNRELATED REPRESENTATION**. Client understands that Attorney represents other companies and individuals. Some present or future clients could have other disputes or transactions with Client. As a condition to accepting this matter, Client must agree Attorney may continue to represent or may in the future represent other clients who are involved in (a) unrelated litigation or disputes with Client; (b) unrelated legal matters with parties adverse to Client. Your consent contained in this paragraph shall not apply if Attorney

1

Initials

learns privileged, proprietary or other confidential information of a nonpublic nature, that if known to other client(s) could be used to Client's material disadvantage.

7.    **RENEWALS**. We do not undertake to renew any patents, trademarks, trade names, UCC financing statements, judgments or other filings unless otherwise specifically agreed upon and we are currently representing you at the time such renewal is required.

8.    **LAWYERS AND PARALEGALS**. Client agrees Associates or paralegals may handle a portion of their case, assist in research, prepare documents, attend court appearances or perform other services. Client agrees that lawyers in other law firms may assist in the representation. Client understands if it receives any information from a secretary or paralegal that such information is not legal advice. Only attorneys are authorized to express legal opinions or give advice.

9.    **ATTORNEYS' FEES**. Client will pay Attorney no fee deposit. Although Attorney agrees to represent Client without charge, Client agrees to pay the filing fee ($400) and other expenses of the case as may be agreed upon. Attorney agrees not to incur out-of-pocket costs or expenses without first seeking and obtaining Client's permission. Client understands and agrees that Attorney may pursue an award of fees from the Court at the conclusion of the matter in the federal district court, including an award under 42 U.S.C. §1988. The fees that would be charged to Client (and for which Attorney will seek an award) are shown on Exh. A, attached.

10.    **ESTIMATES**. Any estimates of anticipated fees, for budgeting purposes or otherwise, are, due to the uncertainties involved, necessarily only an approximation of potential fees. Under no circumstances are such estimates a maximum or minimum fee quotation. Our actual fees will be determined in accordance with this Agreement.

11.    **RETENTION AND DESTRUCTION OF DOCUMENTS**. At the end of our representation, any and all documents you provided to us and all other materials relating to this matter will be returned to you upon written request. In accordance with the ASHR Document Retention and Disposition Policy, if you do not request return of the documents at that time, your entire paper file will be scanned and converted into an electronic file to be retained for a period of not less than 5 years before being destroyed. You understand we will only retain an electronically scanned copy of the file on a CD-ROM and will not maintain the original paper file.

12.    **COSTS**. Client agrees to pay all reasonable out-of-pocket costs and expenses that may be incurred by Attorney in the handling of the case. Examples of these costs are filing fees, expenses of serving legal processes, computerized legal research costs, word processing services, deposition costs or reporter's fees and other court costs, messenger and other delivery fees, long distance telephone charges, facsimile transmission charges, airfare, mileage reimbursement, automobile rental charges, copying, postage, next-day mail delivery, expert witness reports, consultant and expert testimony and fees, investigator fees, charges incurred for preparation of documentary evidence concerning your case and charges incurred for other professional services of necessary (e.g., appraisals, accountings, and tax advice).

2

Initials

13.    **MONTHLY BILLING**. Attorney will bill Client monthly for all costs. The monthly bills are due and payable upon receipt. Any bills not paid within 30 days of receipt shall accrue interest at the rate of 0.83 percent (.83%) of the outstanding balance per month, compounded. In the event any bill is not paid within 45 days of the billing, Attorney may withdraw from this matter if Attorney, in its sole discretion, elects to do so.

14.    **WITHDRAWAL/TERMINATION OF AGREEMENT**. Unless previously terminated, the representation of Client will terminate upon our sending a Conclusion of Representation Letter. Client is engaging Attorney to provide legal services only for the specific matter listed in ¶ 2. After completion of the matter, changes may occur in laws or regulations that are applicable to Client that could have an impact on their future rights and liabilities. Attorney will have no further obligation to advise or represent Client with respect to future legal developments, unless Client signs a new Agreement. In the event either party withdraws from or terminates the representation, for any reason, Client shall pay all accrued attorneys' fees and costs incurred through the time of withdrawal and termination, including fees and costs incurred in the process of termination and withdrawal.

15.    **ATTORNEYS' FEES AND COSTS**. If any action at law or in equity, in court or in arbitration, is necessary to enforce or interpret the terms of this Agreement, the prevailing party shall be entitled to reasonable attorneys' fees, costs and necessary disbursements, in addition to any other relief to which it may be entitled.

16.    **ATTORNEYS' LIEN**. Attorney shall have a lien on any sums recovered by Client in the course of the representation undertaken, whether by settlement or judgment, for services rendered and costs advanced in this or any other case in which Attorney has acted as counsel for Client, or for any person or entity related to Client, in which Client has an interest (e.g., relatives, corporations, partnerships, etc.), whether Client or Attorney has withdrawn from the representation.

17.    **NO GUARANTEE**. Attorney cannot and does not make any guarantee of success or regarding cost to accomplish the goal(s) of the representation undertaken.  Client recognizes that all legal opinions including those of Attorney are subject to the individual interpretation and particular attitudes of a judge or jury.

18.    **EFFECTIVE DATE**. This Agreement will take effect when i) Client executes this Agreement; and ii) Attorney accepts this representation by executing this Agreement. Until the effective date, Attorney shall have no obligation to perform any services for Client.

19.    **EACH SEVERALLY LIABLE**. If Client is more than one person, then each Client has read and understood the foregoing terms and agrees to them. Additionally, each Client agrees to be liable, jointly and severally, for all obligations under this Agreement.

20.    **ARBITRATION**. Attorney and Client agree any dispute or claim arising out of or relating to this contract, the breach thereof, or Attorney/Client relationship shall be settled by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association and judgment upon the award rendered by the arbitrator(s) may be entered in any

3

Initials

court having jurisdiction thereof. Arizona law governs this Agreement, and the arbitration will occur in Phoenix, Arizona. If Client claims that Attorney performed any legal services improperly, negligently or incompetently, then Client hereby agrees to submit the dispute to binding arbitration. By agreeing to this provision, Client understands that Client waives the right to bring an action against Attorney in a Court of law and further waives the right to a jury trial. The cost of any arbitration shall be paid by the losing party or in such proportion as the arbitrator(s) decide.

21.    **ENCRYPTION OF COMMUNICATIONS**. Client agrees that Attorney may communicate with Client and other counsel via electronic mail (e-mail). Client understands that the e-mail communication to and from Attorney will not be encrypted or otherwise protected from interception by others.

22.    **E-MAIL COMMUNICATION**. Client agrees to receive e-mails only at Client's personal e-mail address, not Client's employer's or other e-mail address accessible by third parties. Client may receive e-mails from Attorney at a business e-mail address only after discussion and agreement with Attorney.

23.    **COMPLETE AGREEMENT**. Client agrees this document represents the complete and final expression of the terms of the Agreement between Client and Attorney to provide legal representation. There have been no other oral or written representations or promises. There can be no modification or waiver as to any of the terms contained in this Agreement unless set forth in a separate written agreement signed by both parties. However, from time to time Client may request that Attorney perform other legal services for Client beyond the scope of this Agreement (a "New Matter"). Client agrees that Attorney may decline any New Matter and Attorney is not obligated to perform work on any New Matter until Attorney accepts such New Matter in writing. Such written acceptance shall constitute an amendment of ¶ 2 of this Agreement only. All other terms and conditions of this Agreement shall continue to apply to the New Matter. Client acknowledges all the terms herein were discussed upon the date of Client's signature below.

Dated: December 28, 2013.

By: _____
       Shawn K. Aiken

_____
Joseph Connolly

_____
Terrel Pochert

4

Initials

## "EXHIBIT A"
## AIKEN SCHENK HAWKINS & RICCIARDI P.C.

### HOURLY RATES

| *Timekeepers* | | *Hourly Rates* |
|------|-------------------------|-----|
| JAS  | Joseph A. Schenk        | 375 |
| SKA  | Shawn K. Aiken          | 500 |
| PRR  | Philip R. Rupprecht     | 375 |
| DLH  | D. Lamar Hawkins        | 440 |
| AWR  | Alfred W. Ricciardi     | 375 |
| SCR  | Stephen C. Rich         | 375 |
| RCV  | Robert C. Van Voorhees  | 350 |
| RMG  | Richard M. Gerry        | 500 |
| JTT  | J. Tyrrell Taber        | 350 |
| JC   | James M. Cool           | 200 |
| SML  | Stephanie M. Loquvam    | 190 |
| HAM  | Heather A. Macre        | 325 |
| WHK  | William H. Knight       | 190 |
| KLM  | Karen L. Martin         | 135 |
| SLR  | Sonora L. Rose          | 135 |
| KJM  | Kimberly J. Munoz       | 135 |
| BAM  | Barbara A. Montano      | 135 |
| MJQ  | Mary J. Quinn           | 135 |
| PA   | Paralegal Assistant     | 30  |

5

Initials

63

### AGREEMENT FOR LEGAL SERVICES BETWEEN THE FOLLOWING:

| ATTORNEYS: | CLIENTS: |
|---|---|
| **RYAN J. STEVENS**<br>**Griffen & Stevens Law Firm, PLLC**<br>**609 N. Humphreys Street**<br>**Flagstaff, Arizona 86001**<br><br>**MIK JORDAHL**<br>**Mikkel (Mik) Jordahl PC**<br>**114 N San Francisco, Ste. 206**<br>**Flagstaff, AZ 86001** | **MEAGAN METZ**<br>**NATALIE METZ**<br>**RENEE KAMINSKI**<br>**ROBIN REECE** |

This document (the "Agreement") is the written legal representation contract between RYAN J. STEVENS OF GRIFFEN & STEVENS LAW FIRM, PLLC AND MIK JORDAHL OF MIKKEL (MIK) JORDAHL PC (hereinafter referred to as the "Attorneys" or "we") and Meagan Metz, Natalie Metz, Renee Kaminski, and Robin Reece (hereinafter referred to as "Clients" or "you"), through which Clients employ the Attorneys to represent Clients in connection with the following:

*Challenging Arizona's statutory and constitutional bans on same-sex marriage and any related matters consistent therewith.*

I.   **SCOPE OF REPRESENTATION.** Clients hire the Attorneys to represent them in connection with the above-stated matter only. Clients understand and agree that the Agreement does not require the Attorneys to represent Clients in an appeal to a higher court. However, given the nature of the purpose of the representation, and high likelihood of an appeal, Clients agree that the Attorneys may represent Clients in the appeals process if the Attorneys believe the grounds exist.

II.  **ATTORNEY'S FEES.** The Attorneys will perform the work pursuant to the Agreement on a *pro bono* basis, which means no attorney's fees are required to be paid by Clients, except that the Attorneys reserve the right to apply for fees and costs, if Clients prevail, pursuant to 42 U.S. Code § 1988. Both of the Attorneys, Ryan J. Stevens and Mik Jordahl, bill at a rate of $350 per hour.

III. **OTHER ATTORNEYS.** Clients understand and agree that attorneys from other law firms will assist in the representation pursuant to the Agreement. Specifically, Shawn Aiken of Aiken Schenk Hawkins & Ricciardi P.C., as well as other attorneys, will represent Clients in the federal case in United States District Court *Connolly et al v. Brewer et al*, case number 2:14-cv-00024-JWS, to which Clients will be added as plaintiffs, and to which the Attorneys will be added as counsel.

IV.  **COSTS AND EXPENSES.** Separate from any fees, Clients are responsible for the Attorneys' reasonable out-of-pocket expenses incurred on behalf of Clients pursuant to this Agreement. These expenses will vary based on circumstances, but may include service of court papers, computerized legal research costs, deposition costs, costs of investigation, court reporter charges, transcription fees, filing fees, postage, and attorney travel expenses.

V.   **BILLING.** The Attorneys will provide statements to Clients regarding all costs on a seasonable basis. Statements are payable upon receipt and are considered past due thirty (30) days after the statement date. If you ever have a question or concern about your bill, please call us to discuss it.

VI.   **DOCUMENT RENTENTION / PAPERLESS OFFICE.** Unless we receive written instructions from you to the contrary, we will maintain records associated with your files for not less than five (5) years, after which time they will be destroyed. Please note that the Attorneys scan and keep files digitally, which is sometimes referred to as a paperless office, and will scan all documentation relating to this representation. Digital documents can be sent to Clients by email, if acceptable to Clients, in order to reduce costs and improve time efficiency.

VII.   **TERMINATION OF REPRESENTATION.** Either the Attorneys or Clients may terminate the services discussed in the Agreement at any time.  In the event of such termination, Client must reimburse the Attorneys for any costs or expenses incurred by the Attorneys prior to termination.

VIII.   **FAVORABLE OUTCOME NOT WARRANTED.** Clients understands that the Attorneys are ethically precluded from making any warranty or guarantee of success in any legal matter. There is no promise to Clients of a successful outcome in any legal matter.

IX.   **ARBITRATION.** If a dispute arises between Clients and the Attorneys regarding the fees charged pursuant to this Agreement, both parties agree to resolve that dispute through the Arizona State Bar's Arbitration Program. Either party may initiate fee arbitration, which is a binding resolution, by contacting the Arizona State Bar.

X.   **EXECUTION OF THIS AGREEMENT.** Clients understand that the Attorneys are not acting as Clients' counsel with respect to the Agreement. If Clients wish to be advised on whether Clients should enter the Agreement, Clients are entitled to consult with an independent counsel.

[Remainder of this page is left intentionally blank.]

**By executing this Agreement, Clients acknowledge having read and understood all of the terms stated therein, and having received a copy of the executed Agreement. NO PROMISES HAVE BEEN MADE AS TO THE FINAL OUTCOME IN YOUR LEGAL MATTER.**

CLIENT: MEAGAN METZ     Date 1/29/14

CLIENT: NATALIE METZ     Date 1/26/14

CLIENT: RENEE KAMINSKI     Date 1/29/14

CLIENT: ROBIN REECE     Date 1/29/14

ATTORNEY: Griffen & Stevens Law Firm, PLLC     Date 1/26/14
By: Ryan J. Stevens
Its: Member

ATTORNEY: Mikkel (Mik) Jordahl PC     Date 1/29/14
By: Mik Jordahl
Its: Member

Legal Services Agreement, Page 3

66